PADDOCK & HOWES, Respondents, *vs.* THE ST. CROIX BOOM CORPORATION, Appellants.

APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

An appeal lies under *Sec.* 20, *of Chapter* 41, *Session Laws* 1856, from the decision of the referees named in that section, to the District Court of the proper county.

## Points and Authorities for Appellants.

1. The charter provides that where disagreements arise respecting the damage, the question shall be referred, &c., and that the assessment made by the referees shall be taken to be true unless an appeal be taken to the District Court within thirty days after, &c. *Special Laws*, 1856.

No right of appeal is conferred by this section; the Legislature obviously supposed that it was provided for by some other law, and hence did not confer the right here or intend to do so. We find no other law covering the case. The Supreme Court, by the Constitution, has appellate jurisdiction in all cases, but no jury trial. The District Court has appellate jurisdiction, " as provided by statute "—it has no general common law right of appellate jurisdiction.

Hence, the Appellant in the District Court must show,

1st. That his appeal is " provided for by statute."

2d. That he has conformed to such provisions.

In this case he has complied with no provisions relating to appeals to the District Court; he gave no bonds for costs, &c.

This is not a case where the Legislature have plainly given a right, but provided no remedy, or means of exercising it in such case they will be presumed to have intended the com; mon law mode, but here they have given no right, from the fact that they supposed it was given and provided for elsewhere. This section plainly does not give an appeal to the District Court, as required by the Constitution.

Possibly, if the assessment was wrong, and the party could make a showing of equity that he had no remedy at law, he might commence an original action in the District Court.

### Points and Authorities of Respondent.

I. The 20th section of the act of Feb. 27, 1856, incorporating the " St. Croix Boom Corporation," authorizes an appeal to the District Court from the award of referees provided for under that section. *Session Laws of* 1856, *page* 232, *sec.* 20.

II. The appeal by Paddock & Howes to the District Court, from the award of the referees selected to assess the damages and value of the property of said appellants, taken by the " St. Croix Boom Corporation," for the use of said corporation, was properly taken and perfected under the act incorporating said corporation. *Session Laws of* 1856, *p.* 232, *sec.* 20.

BRISBIN & WARNER, Counsel for Respondents.

COOPER and CORNMAN, Counsel for Appellants.

*By the Court.*—ATWATER, J.—The St. Croix Boom Corporation Association, organized under an act of the legislature of the Territory of Minnesota, approved February 27th, 1856, entered upon and occupied for the purposes of their business, certain lands belonging to Respondents, (as appears by the papers in the case,) lying upon the St. Croix. A dispute having arisen between the Respondents and the Corporation, as to the

value of the same, and the damages sustained by reason of such entry and occupation, referees were chosen under the provisions of said act to determine the value of the premises and the damage sustained by the owners. The referees or commissioners assessed the value of the land at $380, and the damages at $40. From this assessment and finding, the owners, Paddock and Howes, appealed to the District Court of Washington county. The Appellant here moved in that Court to dismiss the appeal. This motion was denied, and an order was entered in the District Court, that an issue be made up for trial. From this order the Boom Corporation appeals to this Court.

It is here urged that the order of the Court below was erroneous, and that the appeal should have been dismissed in that Court, for the reason that the act in question does not authorize an appeal from the decision of the referees to the District Court. The 20th section of the act above cited (*Sess. Laws*, 1856, *p.* 232) after providing for the selection of referees, and authorizing them to assess the value of the land and the damages sustained by the owners, goes on to declare, " and unless an appeal to the District Court be taken from the assessment thus made by the referees, within thirty days after notice of such assessment has been published in the nearest newspaper within this Territory, such assessment shall be considered as the true and fair value of the land so taken by the said Corporation, and the paying of the amount thus assessed shall entitle the said Corporation to a deed for such land."

It is true that this language does not, in express terms, authorize an appeal to the District Court, nor provide the mode and form thereof. But in our view, it clearly indicates the intention of the legislature that an appeal should be allowed ; and in a case like the present, it is the manifest duty of the Court, in the administration of justice, to give effect to that intent if in its power so to do, since we are unwilling to recognize the right of the legislature to authorize the taking of private property by a corporation, without giving the owners thereof a hearing in regard to the questions arising out of such taking, in the civil tribunals recognized by the constitution, and having jurisdiction of the questions raised by this

appeal. The legislature evidently sought to provide, in the first instance, a more expeditious, and perhaps less expensive mode of settling disputes that might arise between the owners of land and the corporation seizing the same for the purposes named in the act. But this is as far as the law-making power has gone or could legitimately go in the premises. The decision of the referees proving unsatisfactory to either party, their decision is not final, but the rights of the respective parties are still subject to adjudication of the Courts.

The parties being brought into Court by appeal, there is no good reason why the Court should not have the same power and authority with reference to the pleadings or settling the issues, which it has in other cases. The Appellants, at least, are not prejudiced by this construction of the act; as if it be true that no appeal is given by the act in question, and that the act makes the decision of the referees final in the premises, then the act is in violation of the provision of the constitution forbidding the taking of private property without due process of law. The adjudication of referees, chosen as provided in this act, is not the process of law intended by the language used in the constitution, and a compliance with the decision of the referees by Appellant, cannot vest in it the title to the lands, and conclude the Respondents in regard to the questions in difference, where an appeal is taken within the proper time.

The order of the Court below is affirmed, and the cause remanded to the District Court for such further proceedings as may be requisite.