Tierney et al. v. Dodge.

JOHN TIERNEY and others, Plaintiffs in Error, *vs.* H. M. DODGE, Acting City Justice, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

In summary proceedings, the subject of review, within the limits of the constitution, is under the control of the Legislature, and, in the absence of statutory provision, an *appeal* does not lie.

The case of *Paddock & Howes vs. The St. Croix Boom Corporation*, 8 *Minn.*, 277, referred to and concurred in.

A provision in a general law is repealed, *pro tanto*, by a provision in a charter of a municipal corporation, passed subsequently thereto by the Legislature, when such provisions are in direct conflict, or the intention of the Legislature to that effect is clearly expressed.

The term, "appellate jurisdiction," in *Sec. 2, Art. 6 of the Constitution*, defines the *nature* of the jurisdiction conferred by the constitution, but does not embrace the mode in which the jurisdiction shall be exercised.

While, in summary proceedings, the right of appeal depends upon statutory provision, it is equally well settled that in the absence of legislative restriction, a *certiorari* will lie.

Where a Court acts in a summary manner, or in a new course, different from the common law, in the absence of legislative restriction, a *certiorari* lies.

The term "appellate jurisdiction," in *Sec. 5, Art. 6, of the Constitution*, applied to the District Court, has the same signification as in the section of the constitution above cited, referring to the Supreme Court.

As the legislation on the subject now stands, in cases like this one, a *certiorari* lies, in the first instance, to the District Court.

As an *appeal* depends upon statutory provision, it may be granted or withheld in all or any class of cases, and the class may be determined by the character of the proceeding, or, as in this case, by the amount of the fine, or judgment.

The *proviso* in the act of incorporation of the city of St. Paul, as it now stands, that, among others, in cases of assault, no appeal shall be allowed, where the judgment or fine imposed, exclusive of costs, is less than twenty-five dollars, does not conflict with *sec. 2, Art. 6 of the Constitution*, and, so far as the objections made to it in this case extend, is constitutional.

Tierney et al. v. Dodge.

Points and authorities for Plaintiffs in Error.

I—The reasoning of the Judge below is plausible but fallacious, and, when followed out to its legitimate consequences, would enable the Legislature to create the City Justice or any other court, independent of the Supreme Court, and not amenable to it, and one whose decision would be final, and not subject to review at all; in short, another Supreme Court, either as to some subjects, or all subjects to a certain extent or to any amount.   *Constitution, Art* 3, *sec.* 2 .  *Comp. Stat. p.* 630, *sec.* 47; *sec.* 9, *Organic Act; Comp. Stat, p.* 777, *sec.* 1; *Stats. of Minn.,* *p.* 526, *sec.* 199; *Const. Art.* 1, *secs.* 2, 8, 7 & 13; 8 *Allen R.* 277; 3 *Greene's R.,* 327; 4 *Greenl.,* 141.

Points and authorities for Defendant in Error.

I.—The offence for which the Plaintiffs were convicted before the City Justice of the City of St. Paul, was committed within the corporate limits of the city, and was not an indictable offence; and the fine imposed by said justice was less than twenty-five dollars.

II.—The charter of said city then in force, and under which said justice acted, gives said justice exclusive jurisdiction in prosecutions of this kind, committed within the corporate limits of said city, and expressly provides that "the appeal shall not be allowed when the judgment or fine imposed, exclusive of costs, is less than twenty-five dollars."   *Sec.* 11, *chap.* 3, *City Charter.*

III.—Such limit of the right of appeal is general, and operates upon all suitors in such courts alike, and is in conflict with no provision of our State or Federal constitutions.   *Sec.* 5, *Art.* 6, *State* *Constitution ;* also  *sec.* 8, *I b. ;  Com. Stat., chap.* 56, *sec.* 4, *p.* 475; *Ib. chap.* 57, *p.* 478.

IV.—In the present case we insist that Plaintiffs had not the right of appeal given them, and the justice, in refusing to grant them such appeal, committed no error.

Brisbin & Warner, Counsel for Plaintiffs in Error.

S. M. Flint and W. H. Grant, Counsel for Defendant in Error.

Tierney et al. v. Dodge.

*By the Court*—McMillan, J.—This is an appeal from an order of the District Court, denying a peremptory mandamus to the City Justice of St. Paul, requiring him to allow an appeal to the District Court from a judgment, on conviction for an assault. The penalty imposed by the Justice was less than twenty-five dollars.

The Compiled Statutes, defining the criminal jurisdiction of justices of the peace, and regulating its exercise provides that, " The person charged with and convicted by any such justice of the peace of any such offence may appeal from the judgment of such justice of the peace to the District Court. *Provided*, such person shall, within twenty-four hours, enter into a recognizance," &c. *Comp. Stat. p.* 526, *sec.* 199.

The chapter providing for appeals, &c., in criminal cases, contains this further provision :

" Every person convicted before a justice of the peace of any offence, may appeal from the sentence to the District Court then next to be held for the same county." *Comp. Stat., p.* 777, *sec.* 1.

These were the provisions of law on this subject in force at the time of the passage of the act incorporating St. Paul, and the several amendments thereto.

The act reducing the law incorporating the city of St. Paul and the several acts amendatory thereof, into one act and amending the same, was approved March 20, 1858.

*Sec.* 11, *chap.* 3 of this act defines the jurisdiction of the justice of the peace for the city, conferring both civil and criminal jurisdiction, and, among other offences, of assaults ; and provides, substantially, that the same proceedings shall be had, where not otherwise directed in said act, as in like cases before justices of the peace under the laws of the State, with a distinct proviso, as amended in 1860, that, among others, in cases of assault, " no appeal shall be allowed where the judgment or fine imposed, exclusive of costs, is less than twenty-five dollars," and, by the 25*th sec., chap.* 10 of the act, all acts inconsistent therewith are repealed.

Tierney et al. v. Dodge.

There can be no doubt as to the intention of the Legislature in this act; not only is the provision in regard to appeals directly inconsistent with the general law upon the same subject, but the repealing clause expressly includes all acts inconsistent with it. It is evident, therefore, that the general law on the subject of appeals, so far as it is inconsistent with the provision in the charter, if this legislation is sustained, is not applicable to cases before the City Justice, or, if applicable, is repealed.

The conviction upon which the application is based is in the nature of a summary proceeding.

In such cases, within the limits of the constitution, the subject of review is under the control of the Legislature, and in the absence of statutory provision therefor, there is no *appeal*.

We are cited by the Plaintiff in Error to the case of *Paddock & Howes, vs. The St. Croix Boom Corporation*, 8 *Minn.*, 277, as an authority allowing an appeal in the absence of statutory provisions. We do not think the case sustains the position. Atwater, J., delivering the opinion of the Court, after quoting the provision of the act relied on in that case to sustain the appeal, says:

" It is true that the language does not, in express terms, authorize an appeal to the District Court, nor provide the mode and form thereof. But, in our view, it clearly indicates the intention of the Legislature that an appeal should be allowed, and in a case like the present it is the manifest duty of the Court, in the administration of justice, to give effect to that intent, if in its power to do so." The Court here clearly bases its decision upon the act of the Legislature as the authority for the appeal, and in this we entirely concur. In this instance there is no room for doubt as to the intention of the Legislature, and to that intention we must give effect, if the act is not otherwise void.

We discover no force in the objection that the act of incorporation, to the extent of this proviso, conflicts with the general law upon the same subject. Both acts emanate from the same source, have the same vitality, and are subject to modification, amend-

ment or repeal by the legislative power of the State. The later law repeals the older one. 1 *Blackstone*, 89.

Another objection urged to the validity of this provision of the charter is that it conflicts with *sec.* 2, *art.* 6 of the constitution. The following is the language used in that section, defining the jurisdiction of the Supreme Court:

" It shall have original jurisdiction in such remedial cases as may be prescribed by law, and appellate jurisdiction in all cases, both in law and equity, but there shall be no trial by jury in said court."

The term " appellate jurisdiction," as here used, defines the *nature* of the jurisdiction conferred by the constitution, but does not embrace the mode in which the jurisdiction shall be exercised.

" It is the essential criterion of appellate jurisdiction that it revises and corrects the proceedings in a cause already instituted, and does not create that cause." *Marbury vs. Madison*, 1 *Cranch*, 175.

Does that portion of the charter of St. Paul now under consideration, deprive this court of that jurisdiction ?

While the right of appeal depends upon statutory provision, it is equally well settled that, in the absence of express prohibition, a *certiorari* will lie in cases of this nature: *The King vs. Jukes and others*, 8 *T. R.*, 542 ; *Same vs. Moreley ;* and for other cases, 2 *Burr*, 1042. When a court acts in a summary manner, or in a new course, different from the common law, in the absence of other legislative restriction, a *certiorari* lies. 1 *Arch. Pr. tit. Writ of Error, p.* 208, and authorities cited.

There is no attempt in this instance to take away this mode of review; but, on the contrary, the general law relating to cases of this character by implication, if not in express terms, preserves this right. *Comp. Stats., p.* 527, *sec.* 212 ; *Baker vs. The United States*, 1 *Minn.*, 211.

So far, therefore, as this provision is concerned there is nothing in conflict with the section of the constitution referred to.

In this view of the case the act of incorporation is in entire har-

mony with the section of the statute referred to by the Plaintiff in Error, which provides that "No action or proceeding shall, in the first instance be removed by any writ, process, or appeal whatever from a probate or justice's court to the Supreme Court of this (State) ; but in all cases where an action or proceeding is removed from either of the said probate or justice's court, the same must be, in the first instance, removed to the district court of the county." *Comp Stat.*, *p.* 630, *sec.* 47.

The term "appellate jurisdiction," in *sec.* 5, *art.* 6 of the Constitution, applied to the District Court, has the same signification as in the section of the Constitution above cited referring to the Supreme Court. As, therefore, a *certiorari* lies in cases like the one at bar, it lies in the first instance, in such cases, to the District Court.

Whether a case might arise in which the remedy by *certiorari* would be directly to the Supreme Court, it is not necessary here to consider.

A further objection is urged to this act, that it is unequal, inasmuch as it deprives suitors before the City Justice of St. Paul, of a right of appeal, which is secured to suitors before other justices of the peace.

Municipal corporations are necessary to the welfare and prosperity of communities, and a judicial department of government is as essential in towns and cities as in a state. The wants of these corporations differ according to their locality, and the character and number of persons who compose them.

It was in view of such facts that the framers of the Constitution excepted this kind of corporations from the provision prohibiting special acts of incorporation. "No corporations shall be formed under special acts, except for municipal purposes." *Con. Art.* 10, *sec.* 2.

The great object in these special acts of incorporation is that their provisions may be varied and adapted to the wants of the particular communities for which they are made. There is no doubt that it is entirely competent for the Legislature to confer

upon these corporations special privileges within the restrictions of the fundamental law of the State.

In the exercise of this power the Legislature by the act incorporating the city of St. Paul, has established the office of justice of the peace for the city. The justice of the peace is an officer of limited jurisdiction, created by special enactment, and his acts are subject to review in such mode as the legislature, within the limits stated, may prescribe.

As an *appeal* is a statutory provision, it may be granted or withheld in all or any class of cases, and the class may be determined by the character of the proceeding, or, as in this case, by the amount of the fine or judgment.

The limitation of the right of appeal in this case is general, and operates equally upon all the suitors in that court. This is all that is required.

These are all the objections urged to the validity of this law, and all upon which we pass in this case.

The order of the District Court, refusing a peremptory *mandamus*, is affirmed.