THE CITY OF ST. PAUL,

*vs.*

JOHN A. MARVIN.

In a prosecution for a breach or violation of a city ordinance in which the right of appeal does not exist, a certiorari lies, and brings before this court, for examination and revision, the record, the proceedings in the nature of a record, the rulings of the inferior tribunal, and so much of the evidence as is necessary to the determination of the questions involved in the case, following *Tierney vs. Dodge* 9 *Minn.*, 166, and *The Minn. Cent. R. R. Co. vs. McNamara*, 13 *Minn.*, 509.

Under a city ordinance enacting, that "It shall not be lawful for any person to sell or expose for sale, by sample, any goods, wares or merchandize, not manufactured within this state, within the city of St. Paul, when such goods, wares or merchandize are thereafter to be sent or delivered to the purchasers, without first having obtained a license for that purpose," a complaint charging that the defendant, *****, "at the said city of St. Paul, and within the corporate limits of said city, unlawfully did sell, *offer for sale or expose for sale*, goods, wares and merchandize, which were not manufactured within the State of Minnesota, by sample, he, the said defendant, not then and there having first obtained a license therefor from said city"; charges two or more distinct offences in the alternative, and is fatally defective.

Where all the evidence is contained in the return, and there is a total absence of evidence of the commission of the act charged against the defendant as an offence, the conviction must be set aside.

Certiorari to the acting city justice of the city of St. Paul, before whom the defendant had been convicted of a viola-

tion of a city ordinance of that city. The facts are fully stated in the opinion of the court.

Brisbin & Palmer for Petitioner.

W. A. Gorman, City Attorney, for Respondent.

*By the Court*—McMillan, J.—The city charter of the city of St. Paul, among the powers conferred upon the city council, contains the following : " To license and regulate the selling or contracting for the sale of any goods, wares or merchandize, by samples, when such goods, wares or merchandize are thereafter to be sent or delivered to the purchaser." *Sp. L.* 1868, *p.* 70.

Under this provision of the charter, the city council enacted an ordinance, as follows :

" Section 1. It shall not be lawful for any person to sell or expose for sale by sample, any goods, wares or merchandize, not manufactured within this state, within the city of St. Paul, when such goods, wares or merchandize are thereafter to be sent or delivered to the purchasers, without first having obtained a license for that purpose.

" Sec. 2. Any person desiring to sell by sample in said city may, by paying to the city treasurer the sum of five dollars for every three days, obtain a license from the city clerk, under the seal of the city, on presentation of the city treasurer's receipt.

" Sec. 3. Any person who violates any of the provisions of this ordinance shall, upon conviction before the city justice, pay a fine not exceeding one hundred dollars."

Complaint was made before the acting city justice against the defendant, Marvin, for a violation of this ordinance, the complaint charging the offence in the following words :

"That John A. Marvin, of said city, on or about the 13th day of May, A. D. 1870, at the said city of St. Paul, and within the corporate limits of said city, unlawfully did sell, offer for sale, or expose for sale, goods, wares and merchandize, which were not manufactured within the State of Minnesota, by sample, he the said John A. Marvin not then and there having first obtained a license therefor from said city," &c.    Upon this complaint the defendant was arrested, tried before the city justice, convicted, and sentenced to pay a fine of $10, and costs taxed at $2.50, amounting to $12.50.

It is expressly provided in the city charter that, "in cases of prosecution for a breach or violation of an ordinance, * * * no appeal shall be allowed where the judgment or fine imposed, exclusive of costs, is less than twenty-five dollars." *Sp. L.* 1868, *p.* 64.    The case is brought to this court upon certiorari to the city justice.

It has heretofore been determined in a case of this kind that, when a court acts in a summary manner, or in a new course, different from the common law, in the absence of legislative restriction, a certiorari lies, (*Tierney vs. Dodge*, 9 *Minn.*, 166,) and that the effect of the writ in such case is to bring before this court, for examination and revision, the record, the proceedings in the nature of a record, the rulings of such inferior tribunal upon the admission or rejection of testimony, the instructions given and refused to the jury, with the exceptions taken, together with so much of the evidence as may be proper to show the bearing of such rulings and instructions and prejudice to the petitioner.    *The Minn. Cent. R. R. Co. vs. McNamara*, 13 *Minn.*, 509.    The objection taken to the writ, therefore, cannot be sustained.

The complaint before the city justice is clearly defective, and will not support the judgment.    Selling and exposing for sale are different and distinct acts, and, under the ordinance

City of St. Paul v. Marvin.

in question, to sell, or expose for sale, by sample, any goods, wares or merchandize, not manufactured within this state, are several and distinct offences. The complaint charges that the defendant "did sell, offer for sale, or expose for sale, goods, wares and merchandize," &c., embracing at least two acts unlawful under the ordinance, and charging them in the alternative : it is, therefore, bad for uncertainty.

Again, if the complaint is not defective in other respects, it appears that all the evidence before the city justice is contained in the return, and there is a total absence of evidence that the defendant sold, or offered to sell, *by sample*, or contracted, or offered to contract to sell, by sample, any goods, wares or merchandize, and this alone would require us to set aside the judgment and conviction.

The counsel for the plaintiff in error desired, in this case, a determination of the question as to the constitutionality of the power in the charter, under which the ordinance was passed, and the validity of the ordinance itself.

A compliance with this request would require us to pass upon and determine most delicate and grave questions as to the rights of the general and state governments under the constitution of the United States, and the constitution of the state. When questions of this character are presented in a case which requires their determination, we will not hesitate to decide them ; but we are not inclined to make unnecessary haste to determine them. For the reasons stated, the judgment of the city justice is reversed and the action dismissed.