## DENNIS BRAY *vs.* DENNIS DOHENY.

### November 12, 1888.

**Ejectment—Statutory Rights to Second Trial—Waiver by Attorney.**
—An attorney for the defendant, in an action in ejectment, has authority to bind his client by a stipulation to dismiss a demand by defendant, under the statute, for a second trial.

Appeal by defendant from the order of the district court for Sibley county *Edson,* J., presiding, which is stated in the opinion.

*J. F. Fitzpatrick,* for appellant.

*H. J. Peck* and *S. & O. Kipp,* for respondent.

GILFILLAN, C. J. In this case, which was an action in ejectment, plaintiff had a verdict, and judgment was entered upon it. The defendant, within the time prescribed by the statute, paid the costs, and demanded a second trial. About a month afterwards the attorneys for the respective parties signed a stipulation, agreeing "that the demand for a retrial of said action be and the same is hereby dismissed, without costs to either party." Defendant afterwards moved to set aside this stipulation, which motion was denied, and the defendant appeals.

The only ground on which it is claimed the stipulation ought to be set aside is that the defendant's attorney had no authority to make it. He had none but the general power conferred on him by his being employed to defend the action. As to the extent of the power, at the common law, of an attorney to bind his client by his acts and agreements, during or with reference to the prosecution or defence of the action, the decisions are conflicting. Many cases, difficult to distinguish in principle from this, have been cited, in which the courts held the acts of the attorney, such as to settle, compromise, or release the cause of action, to waive a judgment, to agree not to appeal or move for a second trial, and the like, were beyond the authority of the attorney implied from his retainer to prosecute or defend the action. On the other hand, many other cases, equally difficult to distinguish from this, have been cited, in which it was decided that such acts as to dismiss an action or agree to a nonsuit, to restore an action after dismissal, to appeal from a judgment, to waive the right to appeal, to stipulate for judgment, to open a default, to release an attachment, are within the general authority of the attorney. Fortunately we have a statute which seems intended to define the powers of the attorney, so as to leave no uncertainty in the matter. Section 9, chapter 88, Gen. St. 1878, gives the attorney authority "to bind his client in any of the proceedings in an action or special proceeding, by his agreement, duly made or entered upon the minutes of the court." To determine, then, whether any agreement by the attorney, in the name of his client, is binding on the latter, it is only necessary to inquire if it be in a proceeding in the action. If it be, then it is binding, however disadvantageous it may be to the client. If it be with respect to some matter outside of proceedings in the action, as if the attorney should assume to sell the property, the subject of the action, or, after the action is finally determined, should assume to release the judgment, then it is beyond his authority. Basing its decision on the statute, the court in *Bingham* v. *County of Winona,* 6 Minn. 82. (136,) sustained a stipulation by the attorney, although it waived three material defences. It is unquestionable that it is for the interest, not only of the courts, but of parties, that the powers of attorneys in the prosecution and defence of actions should be not

merely precise and well defined, but extensive. The attorney, in all things pertaining to the conduct of the action, stands for his client. He represents and speaks for his client upon all such matters. The court and opposite party look to him, and not to his client; and the rule as to his authority ought to be such that they can do so with safety. It is true the client may suffer through the acts or agreements of an imprudent or dishonest attorney, and that, where the attorney is insolvent, recourse to his liability to his client will be a fruitless remedy; but the danger to the client is very much lessened by the control which the courts have over actions and proceedings pending in them, and over the parties and attorneys. In a proper case, the court may relieve the client by vacating or setting aside an agreement of his attorney improvidently made, or made under a clear mistake, or procured by fraud or collusion, or, perhaps, if the attorney be insolvent, so that his liability will furnish no remedy. *Bingham* v. *County of Winona, supra; Rogers* v. *Greenwood*, 14 Minn. 256, (333.)

Order affirmed.