PATRICK BRAY, Administrator, *vs.* CHURCH OF ST. BRANDON.

November 16, 1888.

**Leave to Answer after Judgment by Default—Negligence of Defendant's Agent.**—An order setting aside a judgment by default, and allowing the defendant corporation to defend, sustained, although the default was occasioned by negligence, or intentional omission of duty, on the part of the agent upon whom the summons was served.

Action brought in the district court for Sibley county, by plaintiff as administrator of Timothy Ryan, to recover for services rendered by plaintiff's intestate to the defendant corporation. The summons was served September 17, 1887, on one Thomas Bowser, the defendant's treasurer, and on October 10, 1887, on proof of service and no answer, etc., judgment was entered for $1,653.52. On November 12, 1887, the defendant served notice of motion to set aside the judgment and for leave to serve the answer, a copy of which was served with the other motion papers. The motion was granted by *Edson,* J., and plaintiff appealed.

*Kipp & Preble,* for appellant.

*W. H. Leeman* and *Cadwell & Parker,* for respondent.

DICKINSON, J. This action having been commenced by the service of the summons upon the treasurer of the defendant, a religious corporation, the defendant made no appearance, and judgment was entered by default. Upon a motion, based upon affidavits going to excuse the default, the court set aside the judgment, and allowed an answer to be interposed, upon the payment of costs. This appeal is from that order. The case justified the discretionary order appealed from. The application was seasonably made. A good defence was shown. The person upon whom the summons was served did not inform any other member of the corporation of that fact. Circumstances were shown indicating that he would be personally benefited by the plaintiff's recovery in this action. It was within the discretionary power of the court to relieve the defendant from the consequences of such negligence or intentional omission of duty on the

part of one of its officers. There is no reason to suppose that the plaintiff has suffered any prejudice except that he is required to try the action.

Order affirmed.