GENEVIEVE G. WELLS v. SARAH A. PENFIELD.[1]

November 10, 1897.

Nos. 10,653—(80).

**Attorney at Law—Authority to Stipulate for Judgment—Vacating.**

*Held,* under G. S. 1894, § 6184, an attorney has, in an action pending, authority to stipulate for judgment against his client; but, even though the opposite party is not guilty of fraud, collusion, or bad faith in entering into the stipulation with such attorney, the court, by reason of the large equitable powers which it has over its own proceedings, may, in a proper case, set aside the stipulation on the ground that the same was improvidently made, or ought not, in equity or good conscience, to stand.

**Same—Conditions—Payment of Money.**

But *held,* in that case the order setting aside the stipulation is in the nature of rescission, in which the parties should be placed in statu quo; and, if such opposite party has paid money to such attorney for his client in consideration of such stipulation, it is error to set the stipulation aside, except on condition that the money be repaid.

Appeal by defendant from an order of the district court for Hennepin county, Smith, J., vacating a judgment which was entered pursuant to the following stipulation:

"It is hereby stipulated by and between the respective parties, the plaintiff and the defendant in the above entitled action, and their respective attorneys, that the defendant may take judgment for dismissal upon the merits against said plaintiff upon all of the causes of action set forth in plaintiff's complaint in said action, without cost to either party.     A. L. Brice and J. T. Hutchinson,

"December 22nd, 1896.                    Attorneys for Plaintiff.

"Henry M. Farnam,

                              "Attorney for Defendant."

*Henry M. Farnam,* for appellant.

At common law, except in the two cases of fraud and collusion, a client was bound by every act which the attorney did and the ordinary acts of practice in the action then pending. Latuch v. Pasherante, 1 Salk. 86; Griffiths v. Williams, 1 Term. R. 710. G. S. 1894, § 6184, gives to the attorney employed in an action full power to

[1] Reported in 72 N. W. 816.

"bind his client" in the action or proceeding when the stipulation for judgment is made in open court. Bray v. Doheny, 39 Minn. 355, affirmed the common law and the legislation of this state in regard to the power of an attorney to bind his client by stipulation. To the same effect see Scarritt v. Moser, 48 Mo. App. 543; Thompson v. Pershing, 86 Ind. 303; Bonney v. Morrill, 57 Me. 368; Thompson, Trials, § 191. A stipulation for "dismissal on the merits" made by the respective attorneys in the action was regarded in Cameron v. Chicago, 51 Minn. 153, as res adjudicata. The judgment entered was in the nature of a contract made in good faith with attorneys having authority, and has the force and effect of a contract. Thompson, Trials, § 193.

The exceptions which constitute a proper case are: (1) Fraud. Fraud is never presumed, but must be clearly proved in order to entitle the party to relief on the ground that it has been practiced upon him. McCall v. Bushnell, 41 Minn. 37; Davidson v. Crosby, 49 Neb. 60. (2) Collusion. This charge also vanishes with the charge of fraud. The evidence does not sustain the finding that the stipulation was improvidently made. Hicks v. Stone, 13 Minn. 398 (434). Acts of the attorney done in the presence of plaintiff's husband who looked after the litigation were plaintiff's own acts. Moody v. Thwing, 46 Minn. 511.

*Albert H. Hall*, for respondent.

It is true as a general rule that an attorney, if he enters into stipulations pertinent to the matter intrusted to him, can bind his client, and in such case the court will still enforce his acts against his client in the particular business of his employment. 1 Wait, Pr. 242, 243, and cases cited. But an attorney cannot settle a suit and conclude the client in relation to the subject in litigation without special authority therefor. 1 Wait, Pr. 241, 242; Shaw v. Kidder, 2 How. Pr. 244; East River v. Kennedy, 9 Bosw. 543. An attorney by virtue of his retainer has no authority to dismiss his client's action without his knowledge or consent, so as to bar a recovery for the same cause. Hallack v. Loft, 19 Colo. 74. A solicitor has no authority, under his retainer, to surrender any substantial right of his client without his client's consent. Dickerson v. Hodges, 43

N. J. Eq. 45. An attorney has no implied authority to compromise his client's cause. Taylor v. Evans (Tex. Civ. App.) 29 S. W. 172; Hickey v. Stringer, 3 Tex. Civ. App. 45; Barton v. Hunter, 59 Mo. App. 610; Brockley v. Brockley, 122 Pa. St. 1. An attorney employed to defend a suit is not thereby clothed with any implied power of disposition over his client's property. Kronschnable v. Knoblauch, 21 Minn. 56. This court has clearly recognized the necessity for special authority on the part of an attorney to bind a client in matters determining his rights in an action. Albee v. Hayden, 25 Minn. 267.

The court has power to relieve a party to an action from a judgment or order obtained against him by reason of the negligence, ignorance or fraud of his attorney. The attorney is an officer of the court, and the court will exercise a supervision over the conduct of its officer and insist upon his just and fair dealing with his client. 1 Wait, Pr. 242, 243; Sharp v. Mayor, 31 Barb. 578; Quinn v. Lloyd, 36 How. Pr. 378; Brotherson v. Consalus, 26 How. Pr. 213; Brock v. Barnes, 40 Barb. 521; Hitchings v. Van Brunt, 38 N. Y. 335. The court may relieve a client by vacating or setting aside an agreement of his attorney improvidently made, or made under a clear mistake, or procured by fraud or collusion, or, perhaps, if the attorney is insolvent so that his liability will furnish no remedy. Bingham v. Board, 6 Minn. 82 (136); Rogers v. Greenwood, 14 Minn. 256 (333); Bray v. Doheny, 39 Minn. 355; Eidam v. Finnegan, 48 Minn. 53.

CANTY, J.

The complaint in this action sets forth several causes of action for libel and slander. After the answer was served, the attorneys of the parties made a stipulation in writing, duly signed by them, that defendant take "judgment for dismissal upon the merits" against plaintiff without costs to either party. The stipulation was filed, the court ordered judgment accordingly, and judgment was entered thereon. At the time the stipulation was made, defendant paid to plaintiff's attorneys the sum of $100 in settlement of the case. Plaintiff at this time resided in Chicago, and, on learning of the disposition that had been made of the case, procured a substitution of attorneys, and then moved to set aside the judgment and

stipulation for judgment.   From the order granting the motion, defendant appeals.

In this order the court made "findings of fact," in which it is stated:

"The plaintiff had no knowledge that her attorneys had any intention of making any such settlement, or permitting any such judgment to be entered against her; neither had her attorneys any authority from her, other than their implied authority as her attorneys in the case, to make such settlement or stipulate for the entry of a judgment of that character; neither did the court, at the time the order for judgment was made, have any knowledge that the defendant paid any consideration for the stipulation for judgment, or that the plaintiff's attorneys had no direct authority from the plaintiff to make such stipulation.   That the stipulation for judgment was improvidently made, was made without the plaintiff's authority, knowledge or consent, and was in fraud of her rights.   That no part of the consideration received by the plaintiff's attorneys for entering into the stipulation was ever paid to the plaintiff, and that the plaintiff's said attorneys were, and now are, insolvent."

After ordering the judgment set aside, the court further ordered:

"In the event that the plaintiff should eventually recover judgment against the defendant in this action, the one hundred dollars paid by the defendant to the plaintiff's attorneys shall be deducted from any such judgment."

The court has not found that either defendant or her attorney was guilty of any fraud or collusion in procuring the order for judgment and entering the judgment thereon.   While it was not necessary for the court to incorporate any "findings of fact" in its order, yet, having done so, the rule must be applied that the expression of one thing is the exclusion of another; that what is stated in the order amounts to a finding that neither defendant nor her attorney was guilty of any such fraud or collusion, and that the order was granted solely on the ground that the stipulation for judgment was improvidently made without plaintiff's authority or consent; and, if her attorney acted in bad faith, defendant and her attorney did not.   Section 6184, G. S. 1894, provides:

"An attorney and counselor has authority: First, to bind his client in any of the proceedings in an action or special proceeding by his agreement duly made or entered upon the minutes of the

court; but such agreement or stipulation shall be disregarded unless made in open court, or in presence of the clerk, and entered in the minutes by him, or in writing and signed by the party against whom the same is alleged, or his attorney."

This statute was construed in Bray v. Doheny, 39 Minn. 355, 40 N. W. 262, and held to give an attorney authority to bind his clients by stipulation in any such case as this, but that the stipulation might be set aside on any one of several enumerated equitable grounds.

If the defendant or her attorney was guilty of fraud, collusion or bad faith in procuring the stipulation, the court could annul or set aside the same without ordering the return of the $100 received by plaintiff's attorneys, if the same had never been paid by them to plaintiff, because, in that case, the fraud or bad faith of defendant, or her collusion with plaintiff's attorneys, would destroy their agency to receive the money, and, in contemplation of law, plaintiff has never received the same. But, as this case stands, neither the defendant nor her attorney has acted in bad faith. Plaintiff's attorneys had authority, under the statute, to enter into the stipulation, and in contemplation of law the $100 received by them was received by plaintiff.

The court, in the exercise of its large equity powers over its own proceedings, had authority even then to set aside the stipulation if it was improvidently made, or if, in equity and good conscience, it ought not to stand. But in such case, while the court may order a rescission, it cannot annul the stipulation without requiring a return of the $100. The order setting aside the stipulation should be in the nature of rescission in which the parties must be placed in statu quo. The court did not, as a condition of granting the order, require the $100 thus received by plaintiff to be returned, but set aside the order, and allowed plaintiff to retain this $100. In this the court erred. The order appealed from must, therefore, be modified, and, as thus modified, it is amply supported by the affidavits on which the motion was made.

It is therefore ordered that the order appealed from be modified so as to read as follows:

Said stipulation and the judgment entered thereon be, and hereby

are, set aside, on condition that plaintiff pay to defendant, within 20 days after notice of filing the remittitur herein in the court below, the sum of one hundred dollars, and interest thereon at the rate of seven per cent. per annum since January 22, 1897; but, if the same is not paid, said judgment and stipulation shall be and remain in full force and effect.

As the point on which the order is modified was made for the first time in this court, no statutory costs will be allowed appellant.