R. J. WILSON and Another v. NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY.[1]

December 20, 1907.

Nos. 15,483—(173).

**Action for Services.**

A complaint is construed, and *held* to state a cause of action for the recovery for services rendered defendant life insurance company by plaintiff in soliciting applications.

**Allegations of Answer.**

An answer is construed to have properly alleged a settlement of that cause of action.

**Assignments of Error.**

Various assignments of error are considered, and *held* not to show reversible error.

Action in the district court for Hennepin county to recover $4,500, commission for obtaining applications for life insurance. The case was tried before Brooks, J., and a jury which found for defendant. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiffs appealed. Affirmed.

This action was brought by the plaintiffs and appellants as copartners against defendant and respondent life insurance company for the recovery of damages for breach of contract of agency entered

1 Reported in 114 N. W. 251.

into between plaintiffs and the Northwestern Life & Savings Company, an Iowa corporation. That company sold and transferred all its assets to the defendant company, which assumed and agreed to pay all valid and outstanding liabilities of the Iowa company. In Crowell v. Northwestern Nat. Life Ins. Co., 99 Minn. 214, this court considered and determined an action for damages by agents against the same company involving in many respects the same facts. Reference is made to it for a fuller statement of facts.

The present parties agreed by stipulation that the amount owing the plaintiffs upon the cause of action set out in their complaint was the sum of $1,361.65, with interest, unless the allegations set forth in certain numbered folios of the answer should be found by the court to be true and sufficient to constitute a defense to said cause of action; that the only issues to be submitted were whether the allegations contained in the folios there mentioned were sufficient to constitute a defense to the cause of action set out in the complaint, and whether or not such allegations are true; and that if defendant should not establish such allegations then plaintiffs should recover the sum above named. The allegations so involved were substantially as follows: That on a day more than a month after the alleged breach of the contract "the plaintiffs fully compromised and settled their said claims for services for soliciting said life insurance applications; that on said date said plaintiffs received from the hands of Crowell & Smith the premium notes given for the first year's premiums on the policies of [here followed a list of names]; and that said premium notes were accepted and received by plaintiffs in full settlement, satisfaction, and discharge for all services rendered by them, or either of them, in soliciting applications for life insurance of the applicants herein named." The reply denied allegations not admitted by the complaint.

On trial, before the introduction of any evidence the plaintiffs moved for "judgment in favor of the plaintiffs and against the defendant for the amount mentioned in the stipulation," "on the ground that the allegations set out in the answer and referred to in the stipulation do not state facts sufficient to constitute a defense to this action." The motion was denied, and exception taken by the plain-

tiffs. Thereupon defendant asked leave to amend its answer by inserting before the list of life insurance policies of the names of applicants therein contained the words "among others." It also applied for an amendment inserting immediately following these names the following: "Which applicants above named were the only applicants for securing whose applications plaintiffs had not been paid in full on August 22, 1903, and at the time of the settlement hereinafter alleged, and which policies were the only policies issued and outstanding on applications secured by plaintiffs for which plaintiffs had not been paid in full on August 22, 1903, and at the time of the settlement hereinafter alleged." Defendant also sought to amend by adding to the admission that "said applicants executed and delivered to plaintiffs their promissory notes in writing for the first year's premium on said policies, * * * which said notes, given for the first year's premiums on the policies above named, were all the notes that were outstanding on August 22, 1903, and at the date of the settlement hereinafter alleged, that had been and were given for first year's premiums on all policies for securing the applications of which plaintiffs had not been paid in full on August 22, 1903, and on the date of the settlement hereinafter alleged." The plaintiffs objected to the allowance of these amendments on the ground that they were inconsistent with the stipulation which had been entered into. In overruling the objection the court said: "In view of the amendment, permission will be granted you, if you so desire, to withdraw from that stipulation, if you do not care to be bound by it." Plaintiffs duly excepted. Plaintiffs further objected to the introduction of any evidence to prove the allegations of that portion of the amended complaint which had been amended over their objection. The objection was overruled, and an exception noted.

The court denied motions for judgment by both the plaintiffs and the defendant and submitted the case to the jury. The jury found for the defendant. This appeal was taken from an order denying the alternative motion for judgment for plaintiffs notwithstanding the verdict or for a new trial.

*Jay W. Crane,* for appellants.

*Koon, Whelan & Bennett,* for respondent.

JAGGARD, J. (after stating the facts as above).

1. One of the plaintiffs' contentions was that the allegations of the answer were not sufficient to constitute a defense to the cause of action of the plaintiffs. In support of this they adduce four propositions, the gist of which is that the answer set forth that plaintiffs had compromised and settled their "claims for services," and that it contained no allegation concerning the satisfaction and settlement of "the cause of action set forth in the complaint." Plaintiffs' construction of the complaint is that it sought the recovery of damages, the measure of which under its terms would be, first, remuneration for services performed and money expended; second, damages arising after the unlawful termination of the agency contract. By the terms of that contract, either party could terminate the agreement in thirty days after giving the other notice to that effect. For breach of this agreement plaintiffs could recover, in addition to services rendered, probable or prospective damages following as a natural consequence of the breach and arising during the thirty days after notice; that is to say, outlay expended on the strength of the agency contract and probable value of new business which could have been secured, but for the unlawful termination of the agency. The cause of action set forth in the complaint entitled plaintiffs to recover all those damages. This (plaintiffs') contention must fail if it should appear that the complaint sought recovery of the value of services only.

A careful examination of that pleading has satisfied us that it must be so construed. After setting forth the contract and its full performance by plaintiffs, it alleged that the defendant is indebted to the plaintiffs for their services in obtaining said applications "in the sum of $14,000, which said sum is wholly unpaid, except the sum of $9,500; that the reasonable and fair value of plaintiffs' services performed * * * as aforesaid * * * was $14,000, which said sum is wholly unpaid, except the sum of $9,500." The demand for judgment is in the sum of $4,500. The complaint also alleged that by the sale of the Iowa company to the defendant, and by said illegal and unlawful termination of said contract between the plaintiffs and the Iowa company, plaintiffs were greatly injured and damaged in the sum of $4,500. The allegation of damages in that sum did not

change the form of the action. It stated no facts to justify any award of additional damage. It contained no allegation concerning prospective damages. It demanded judgment at the exact sum stated to be the value of the services. It follows that the original pleading of the satisfaction was sufficient.

This complaint is substantially different from the one stated in Crowell v. Northwestern Nat. Life Ins. Co., 99 Minn. 214, 108 N. W. 962. It was there alleged, for example, that the sale of the Iowa company to the defendant had wholly destroyed the business of plaintiffs' agency; that during the term of their employment they had expended $10,000 in building up and extending their agency and in placing solicitors in the field; that as a result thereof they had, at the time of the unlawful termination of their employment, built up and established in the states of Minnesota and North Dakota a large and profitable business and had secured the Iowa company a large amount of insurance; that plaintiffs were prevented from continuing the business of their agency. The present complaint contains no allegations whatever of this character. Apart, moreover, from the construction of the pleadings, plaintiffs did not prove probable future profits nor expenditures to procure them; nor did they make any request that the court make any charge with respect thereto. The motion for a new trial, although it may have involved, did not specify, the point with sufficient definiteness.

2. Plaintiffs contend, also, that the court was in error in permitting the amendments to the pleadings in view of the stipulation, which amendments were mere attempts to patch up an amended answer, so that its allegations referred to in the stipulation would be sufficient to state the plea of accord, satisfaction, and settlement. To this end counsel cites Bingham v. Board of Supervisors of Winona County, 6 Minn. 82 (136); Albee v. Hayden, 25 Minn. 267; Bray v. Doheny, 39 Minn. 355, 40 N. W. 262; Eidam v. Finnegan, 48 Minn. 53, 50 N. W. 933, 16 L. R. A. 507; Warren v. Great Northern Ry. Co., 64 Minn. 239, 66 N. W. 984; Wells v. Penfield, 70 Minn. 66, 72 N. W. 816; Gerdtzen v. Cockrell, 52 Minn. 501, 55 N. W. 58. It follows from the previous construction of the complaint that the amendments were not prejudicial to the plaintiffs. On the contrary,

in a measure they tended to enlighten them. Giving to the authorities cited their reasonable effect, the court was, we think, justified in allowing the amendments as properly conducive to the administration of justice. It may be assumed for present purposes that the stipulation was the result of compromise; that the reduction of plaintiffs' claim from $4,500 to $1,361.64 was a consideration for limiting the issues on trial and of limiting the extent of proof by plaintiffs on other points. Fairly construing this stipulation, however, it restricted defendant to the sufficiency and truth of his allegations of satisfaction. We think that they were sufficiently set forth, and that the jury found and was justified in finding that they were sustained by proof.

3. Plaintiffs further insist that the satisfaction with Smith & Crowell was a satisfaction with strangers. The record contradicts this contention. There was an abundance of evidence to justify the jury in finding that Smith & Crowell were the agents of the defendant in making the settlement. So far as the allegations of the answer on this point are concerned, they are sufficient. They set forth a conclusion of fact that there had been a settlement and that the plaintiffs received the premium notes. The allegation of their receipt from Crowell & Smith was unnecessarily specific.

4. Plaintiffs insist, also, that defendant had not shown an agreement of accord, nor a performance of that agreement. It is true that the receipts show no delivery of notes amounting to $470; but there was sufficient oral testimony of their delivery. It is also true that defendant held other notes apparently for collection, and that it remitted proceeds to plaintiffs, who receipted therefor. The variance, if any, was not material. We think, in view of these and of other related considerations, that the fact of the agreement of settlement and its performance were fairly questions for the jury, and that the evidence sustained the verdict within the familiar rule on that subject.

5. Another objection is that the court erroneously charged the jury that, if they found the absence of the plaintiffs and their failure to testify suspicious, it might consider this as militating against them. Plaintiffs' reasoning is that their cause of action was established by the stipulation and that it was, therefore, unnecessary for them to be present. It is obvious that not the amount of the claim was the point

of dispute, but the fact of settlement. Plaintiffs knew the facts in that connection. The reasoning of their counsel on this point, therefore, fails.

We have considered other points made on this assignment of error, and do not find in them justification for reversal.

Affirmed.