J. A. HENDRICKS v. ALANSON CONNER and Another[1]

June 12, 1908.

Nos. 15,567—(61).

**Opening Default Judgment.**

Where there has never been a trial on the merits, and a proposed answer set up a meritorious defense, the order of the trial court in opening a default judgment will not be reversed.

Action to recover $60 on a promissory note. Appeal by plaintiff from an order of the district court for Clearwater county, Spooner, J., re-opening a judgment entered in favor of plaintiff, and allowing a proposed amended answer to stand as an answer to the complaint. Affirmed.

*J. A. Hendricks,* pro se.

*Wm. A. McGlennon* and *Edward T. Teitsworth,* for respondents.

PER CURIAM.

This is an appeal by plaintiff from an order of the Clearwater county district court, granting a motion to reopen a judgment entered herein and allowing defendants to file an amended answer. The action was brought on a promissory note made by defendants to plaintiff for $60, due November 1, 1905. Summons referring to the complaint as on file in the office of the clerk of court of Polk county was served on April 14, 1906. It was not, however, filed until five days later. On April 27 the defendant served an answer, consisting of a general denial and a notice and affidavit for a change of venue to Clearwater county, the residence of the defendants. The original judgment was improvidently ordered in Polk county, notwithstanding the proceedings to change the venue to Clearwater county. Final judgment was entered February 9, 1907, in favor of the plaintiff in Clearwater county. A transcript was filed in Polk county. Execution was issued thereon, and a levy and sale made thereunder. On September 13, the court ordered the case to be opened for trial, allowed the proposed amended answer to stand, upon condition that the judgment,

[1] Reported in 116 N. W. 751.

with the levy made thereon, be allowed to stand as security for payment of any judgment that may be obtained by the plaintiff.

The record reveals a series of motions, as to strike out the answer as frivolous, to enter judgment, to open judgment, and to restrain proceedings under judgment. In consequence the court found itself in a singular condition of confused practice, arising from these motions in connection with many circumstances, as that plaintiff had failed to file his complaint when he issued his summons referring to it, that proceedings were had in both the county in which the action was begun and in the county to which it was transferred, and that the court was not sitting at the place to which a motion was made returnable. As a memorandum of the trial court in connection with an intermediate order indicates, the court in consequence found itself in such a tangle that it then attempted to solve the difficulty by practically making a new start. When the case was finally presented it appeared that there had never been a trial on the merits, that defendants' proposed answer set up a meritorious defense, viz., that their signatures to the promissory note declared on had been procured by plaintiff's fraud, and that the delay was excused in some measure by the previous history of the case, especially by the negotiations of the parties looking to a settlement. The consequent order opening the judgment and permitting the defense, which at the same time secured payment of the judgment by allowing the levy to stand, came within the ordinary rule that the order of the trial court reopening a judgment will not be reversed, except in a clear case of abuse of discretion. Section 1428, Dunnell, Pr. It is obvious that this was a case peculiarly within the discretion of the trial court. An examination of the entire record has failed to show any abuse of discretion that could fairly be construed to be reversible error.

Affirmed.