# C. D. RODGERS v. UNITED STATES AND DOMINION LIFE INSURANCE COMPANY.[1]

December 4, 1914.

Nos. 18,863—(113).

**Vacating default judgment.**
    1. The matter of opening a default judgment rests in the discretion of the trial court, and its action in opening default will not be reversed except for palpable abuse of discretion.

**Same.**
    2. The court may in its discretion open a default judgment obtained

[1] Reported in 149 N. W. 671.

against a corporation because of bad faith or intentional neglect of the officer who is charged with the duty of making defense.

**Same — stipulation of attorney for judgment.**

    3. An attorney has power to bind his client by a stipulation for judgment, but where an attorney, from ignorance of facts or from bad faith, stipulates for judgment against a client who has a just defense, the court may, in its discretion, open the judgment and permit the defense to be interposed, if no substantial prejudice will result to the opposing party from the incident delay.

**Same — affidavit by officers of corporation.**

    4. An affidavit by an attorney, based upon knowledge acquired from investigation of the affairs of the corporation, *held* to contain sufficient showing of facts to sustain an order opening a default judgment. The affidavit of all officers and directors as to ignorance of the entry of the judgment is not necessary.

From an order of the district court for St. Louis county, Fesler, J., granting defendant's motion to set aside a judgment against it for the sum of $5,201.90, for the reason that the judgment was entered because of its excusable neglect, and permitting it to defend the action, plaintiff appealed. Affirmed.

*William P. Harrison,* for appellant.

*James A. Wharton,* for respondent.

HALLAM, J.

Appeal from an order opening a judgment and granting leave to answer. Defendant is an insurance corporation. The moving affidavit alleges that certain of its officers and directors, including its president, dissipated and squandered all of the assets of the company in the purchase of certain gold bonds of the Williamsville, Greenville & St. Louis Railway Co., and also gave notes of the company in part payment. The notes sued on in this action are some of these. This suit was commenced in January, 1913. It is alleged that at that time the affairs of the company were in the control of its president; that he handed the summons to an attorney whom he had secured to look after the interests of himself and his associates; that this attorney interposed an answer, but later withdrew it and stipulated for judgment, and on July 8, 1913, judgment was entered for

$5,201.90, the amount demanded in the complaint.   In July, August
and September, 1913, three blocks of said gold bonds, of the face
value of $27,000, were sold at three separate execution sales for the
aggregate amount, over expenses, of $2,906.70.   The affidavit fur-
ther states, that the stockholders and directors knew nothing of this
suit; that the company in fact had a good defense to the notes and
the president had personal knowledge of facts sufficient to make·a
defense, but that he did not act in good faith toward defendant and
withheld such information and allowed judgment to go against de-
fendant; that the acts of the president and the attorney were indif-
ferent, careless and negligent and amounted to excusable neglect on
the part of defendant.   There is no direct allegation of bad faith
on the part of the attorney, but from all of the allegations of the
affidavit it is fairly inferable either that he was ignorant of the
facts constituting the defense, or that through indifference, which
could amount to no less than bad faith, he ignored them.

It is further alleged that, on September 1, 1913, the stockholders
had a meeting and appointed a committee to make an investigation,
that at a meeting on September 15 a new board of directors was
elected, and that on the conclusion of the investigation, and about
the last of November, this application was made.   The trial court
made an order that the judgment be vacated and the answer allowed
to stand on condition of payment to the attorney for the plaintiff
the sum of $250.   It appears that plaintiff himself purchased the
bonds sold at the execution sale and, so far as it appears, still has
them.   In view of the payment required of defendant as a condi-
tion to opening the judgment, it is not apparent that plaintiff will
suffer any substantial prejudice from the delay in determination of
the case on its merits.

The matter of opening a default judgment rests in the discretion
of the trial court.   That discretion is a judicial one and is not to
be exercised capriciously or arbitrarily, yet the discretion of the
court should be liberally indulged to relieve a party from default,
to the end that the judgment of the court should be rendered in a
controverted case only after a trial on the merits.   The action of
the trial court in relieving a party of a default will not be reversed

except for palpable abuse of discretion. Where there has never been a trial on the merits and the defendant shows that he has a good defense, and no substantial prejudice appears to the plaintiff from the delay, it is the duty of the trial court to relieve the defendant of his default if he furnishes any reasonable excuse therefor, and the action of the court in so doing will not be disturbed. Jorgensen v. Boehmer, 9 Minn. 166 (181); Martin v. Curley, 70 Minn. 489, 73 N. W. 405; White v. Gurney, 92 Minn. 271, 99 N. W. 889; Barrie v. Northern Assurance Co. 99 Minn. 272, 109 N. W. 248; Hendricks v. Conner, 104 Minn. 399, 116 N. W; 751; Dr. Shoop Family Medicine Co. v. Oppliger, 124 Minn. 535, 144 N. W. 743.

It is well settled, a corporation may have opened a judgment entered by default because of the intentional neglect or bad faith of the officer on whom the summons is served or who is charged with the duty of making defense. Bray v. Church of St. Brandon, 39 Minn. 390, 40 N. W.·518; J. H. Queal & Co. v. Bulen, 89 Minn. 477, 95 N. W. 310. Corporation officers are trustees and, while their acts in general bind the corporation, still in the event of bad faith their acts may be repudiated by the stockholders who are the beneficiaries of the trust.

Beyond doubt an attorney has authority to bind his client by a stipulation for judgment. G. S. 1913, § 4950; Bray v. Doheny, 39 Minn. 355, 40 N. W. 262; Wells v. Penfield, 70 Minn. 66, 72 N. W. 816. At the same time it is clear that a party may, in a proper case, be relieved from a stipulation made by his attorney. This has been recognized in this state from early times. Bingham v. Board of Supervisors of Winona County, 6 Minn. 82 (136). In several cases it has been said that the court may relieve a party from the stipulation of his attorney if improvidently made, or made under a clear mistake or procured by fraud or collusion; Hildebrandt v. Robbecke, 20 Minn. 83 (100); Bray v. Doheny, 39 Minn. 355, 40 N. W. 262; Eidam v. Finnegan, 48 Minn. 53, 50 N. W. 933; or if in equity and good conscience it ought not to stand; Wells v. Penfield, 70 Minn. 66, 72 N. W. 816. The same principles are generally recognized in other jurisdictions. Thompson, Trials, 195; 36 Cyc. 1295. The circumstances under which the court may relieve

against a stipulation of an attorney are not clearly defined. In Bingham v. Board of Supervisors of Winona County, 6 Minn. 82 (136), it was said the settlement of issues by stipulation should have as much effect as their determination by the verdict of a jury, and it should require the same or as strong reasons to set the stipulation aside as would be required to set aside a verdict. It is not necessary to define the precise limits of the power of the court in this particular. It is sufficient for purposes of this case to say that the court may, in its discretion, open a judgment entered upon stipulation of an attorney and allow a trial on the merits, where the attorney has, from ignorance of facts or from bad faith, stipulated for judgment against a client who has a just defense, and where no substantial prejudice will result to the opposing party from the incident delay.

Applying the foregoing rules, it must be held that the order of the trial court in opening this judgment must be sustained.

The affidavit on which the application is based was made by the present attorney for defendant. It was made upon knowledge acquired as a member of the investigating committee above mentioned. It is urged that he could not in this or any other manner, except from hearsay, know that the directors of the corporation, other than those acting with its president, were ignorant of the entry of the judgment until September, 1913. It is true he could have no other than hearsay knowledge of the state of mind of these directors, but from his investigation he could determine whether notice of such facts was ever conveyed to them through the usual channels. There is no intimation that any of these directors did in fact have any such knowledge. Two parties claimed by plaintiff to be directors were brought into the case, but they each denied being even stockholders. We do not wish to relax the rule that a party asking to have a default judgment opened bears the burden of excusing his default, but it is not necessary for a corporation defendant to produce the affidavit of all its officers and directors as to ignorance of the entry of judgment in order to make out a *prima facie* case, at least where no likelihood of knowledge on their part appears.

The delay until November in making the application, was not, under the circumstances above disclosed, an inexcusable delay. Order affirmed.