SAMUEL C. MARTIN v. JOHN J. CURLEY.[1]

December 20, 1897.

Nos. 10,756—(201).

**Tax Title—Vacating Default Judgment—Discretion of Court.**
Held, that there was no abuse of discretion in vacating a default judgment and granting the defendant leave to answer.

Appeal by plaintiff from an order of the district court for Hennepin county, Johnson, J., vacating and setting aside a default judgment and permitting defendant to answer. Affirmed.

*Benton & Molyneaux,* for appellant.

It is a universal rule in opening default judgments that defendant should give some reason for the default, and should excuse any seeming laches. Mueller v. McCulloch, 59 Minn. 409; John T. Noye v. Wheaton, 60 Minn. 117. This court cannot affirm the order appealed from without encouraging carelessness and inexcusable negligence. Noye v. Wheaton, supra; Mueller v. McCulloch, supra.

*A. T. Ankeny,* for respondent.

On the three material issues presented to the court, namely, the meritorious defense, the excusable neglect, and the promptness in applying for relief, the court found in favor of defendant. The order found the ultimate facts. Butler v. Bohn, 31 Minn. 325; Conlan v. Grace, 36 Minn. 276. The time runs not from the entry

[1] Reported in 73 N. W. 405.

of judgment but from the notice thereof. Wieland v. Shillock, 23 Minn. 227. As foundation for a judgment there must be a finding of secondary. or probative facts as to the source of plaintiff's title. Tharalson v. Wyman, 58 Minn. 233; Conlan v. Grace, supra; Alhambra v. Richardson, 72 Cal. 601; Souter v. Maguire, 78 Cal. 543.

Nearly fifty cases of opening judgments have been before this court. In only nine has the judgment of the lower court been disturbed. Of these nine, three were opened on appeal and six were opened in the lower court but were reversed on appeal. One case was reversed on the ground of jurisdiction, County v. St. Paul, 27 Minn. 109; one on the ground of unreasonable delay in seeking relief, Altmann v. Gabriel, 28 Minn. 132; one had no merit, Weymouth v. Gregg, 40 Minn. 45, while two were reversed on the ground of gross negligence of the attorneys, Peoples v. Schlenker, 50 Minn. 1; John T. Noye v. Wheaton, 60 Minn. 117. In another case the judgment was upheld because there was no attempt to excuse the failure to answer. Mueller v. McCulloch, 59 Minn. 409. See also Bertline v. Bower, 25 Wis. 486; Griswold v. Lee, 1 S. D. 531.

It is immaterial that the land has since been sold. Lord v. Hawkins, 39 Minn. 73; Welch v. Marks, 39 Minn. 481; Drew v. City, 44 Minn. 501. The moving papers show prima facie a meritorious defense and that is sufficient. Fitzpatrick v. Campbell, 58 Minn. 20. In such a case, too, plaintiff, not being in possession, must not only allege but prove title.

MITCHELL, J.

This appeal is from an order vacating a default judgment and permitting the defendant to answer, and the only question is whether, in granting this relief, the court abused its discretion. The action was one to determine adverse claims to real estate.

It appears from the motion papers that defendant is the owner of the property unless his title has been devested by a tax title which is the basis of plaintiff's claim. The property consists of 37 acres, which defendant swears has been in his actual occupancy for twenty years as a part of his farm, and is worth six thousand dollars, but which plaintiff's attorney swears is vacant and unoccupied, and only worth fifty dollars per acre or $1,650.

The affidavits tend to show that, defendant having failed to pay his taxes for several years, the plaintiff obtained the alleged tax title, the total amount paid by him at the tax sale and for subsequent taxes, together with interest and penalties, being not to exceed $550; that in December, 1896, plaintiff brought an action to determine adverse claims; that, after the summons was served on defendant, negotiations were had between his attorneys and the defendant in reference to a settlement, but that plaintiff's attorneys demanded a bonus of some $200, which defendant refused to pay; that, no answer having been interposed, in February, 1897, when the attorneys applied for judgment, they discovered that their complaint was defective; that they thereupon served on defendant notice of dismissal and, on February 23, commenced the present action.

The defendant swears that he is not acquainted with the practice or forms of law; that he was never a party to any lawsuit, was never a witness in court and did not know or believe that this was an action in court involving the title to his land, but supposed "it was only another attempt by the attorneys to exact said sum" (the bonus); that a few days after the summons was served on him he called at the office of plaintiff's attorneys "in order to settle all said matters," but that they were engaged with other clients, and declined to confer with him. Judgment was entered by default on March 27. Defendant swears he did not learn of the entry of the judgment until May 14; that on the next day he and his attorney (this seems to have been the first time he employed an attorney in the matter) called on plaintiff's attorneys; that he or his attorney asked them what sum was demanded for a full settlement, to which they replied $700; that he at once offered and agreed to pay that sum, and that one of plaintiff's attorneys then said he would send a deed to his client in Chicago, and advise him to accept the $700, and execute the deed; that he (defendant) waited for the return of the deed until May 26, when he first learned that plaintiff would not execute it.

It also appears that there had been some negotiations about a settlement before the commencement of the first action, which defendant swears he supposed (when the summons was served on him)

was only a request to settle. The motion to vacate the judgment and for leave to answer was made on May 28. The counter affidavit by one of plaintiff's attorneys denies some of the facts asserted by the defendant, but the court would have been justified in concluding that the facts were as claimed by the defendant.

Defendant's excuse for his neglect to appear and defend the action is certainly very scant, but, under all the circumstances, we cannot say that the court abused its discretion in relieving him from his default.

In the first place, it is a matter of common knowledge that a great many of the plain people, ignorant of law, never entertain the idea that they can lose their property on a tax title. To them it means nothing more serious than the payment of interest and penalties, and possibly a bonus. The negotiations for a settlement, accompanied by a demand for a bonus, might have led a man ignorant of law and legal procedure to suppose (as defendant claims he did) that the summons served on him was merely another demand for a settlement, and intended to force him to pay the exacted bonus. The fact that one summons had been already served on him, and then a notice of dismissal, might have aided in producing this impression.

The great disparity between the value of the property and the amount of taxes and interest paid by plaintiff (about eleven to one, according to defendant, and about three to one, according to the admissions of the plaintiff) is a circumstance entitled to some weight in determining whether the defendant should have leave to defend on the merits.

Order affirmed.