MILWAUKEE HARVESTER COMPANY v. HENRY SCHROEDER.

May 31, 1898.

Nos. 11,024—(119).

**Judgment by Default—Vacating.**
Held, the court below did not abuse its discretion in setting aside a judgment by default, and allowing defendant to answer.

Appeal by plaintiff from an order of the district court for Norman county, Ives, J., opening a judgment in plaintiff's favor for $495.20, and allowing defendant to answer.  Affirmed.

*Peter Sharpe* and *Ole J. Vaule*, for appellant.
*W. W. Calkins*, for respondent.

CANTY, J.

This is an appeal from an order setting aside a judgment taken by default, and allowing the defendant to answer.  The action is on a promissory note made to plaintiff, and signed by one Henry Schroe-

der. The summons was served on defendant March 23, 1897. Judgment was entered April 13, the motion to set it aside was made November 29, and heard December 13, 1897.

In his moving affidavit, defendant states that, prior to the service of the summons, the agents of plaintiff called on him a number of times with the note in question, and that he always informed them that he was not the Henry Schroeder who signed it, and that the latter was then living about two miles from defendant's residence; that, when the summons was served on him, he also notified the sheriff that he was the wrong man, and, about 20 days after such service, defendant called on plaintiff's attorney and informed him of these facts; that thereupon the attorney told defendant that he would write the plaintiff in regard to the matter; that defendant never took any further steps in the matter, and never knew that judgment was entered against him until about November 26, 1897, when he received a letter from said attorney informing him that the judgment had been entered; that he (defendant) never signed or executed the note, but that the same was signed by said other Henry Schroeder;

"That the reason this deponent did not answer in said cause or make any appearance therein was that he did not suppose judgment would be entered against him, for the reason that he was not the proper person to be sued, and he supposed that said mistake would be rectified without any appearance on his part and without putting this deponent to any expense or trouble therein; and that he supposed and believed that, under the circumstances, plaintiff could not under any circumstances take judgment against this deponent."

A counter affidavit of plaintiff's attorney was read on the motion, in which it is stated that on or about April 15, 1897, defendant came to the attorney's office, and was then informed by him that plaintiff intended to hold defendant for the payment of the judgment which had been docketed, but that the affiant would write plaintiff

"That said Schroeder claimed not to be the maker of said note, and if possible obtain authority from it [plaintiff] to make a discount on said judgment if the same was paid at once, and if possible obtain a release of said judgment."

It is to be gathered from the record that defendant is a farmer, not a business man. The court below was justified in finding that he was ignorant of the consequences of failing to answer, and that he supposed that a judgment could not be obtained against him if in fact he was not the man who executed the note. While the question is close, we cannot, under all the circumstances, say that the court abused its discretion in holding that defendant's neglect was excusable, and in setting aside the judgment, and allowing him to answer.

Order affirmed.