ALLEN W. WOOD and Another v. PAUL SCHOENAUER.[1]

December 27, 1901.

Nos. 12,843—(100).

**Vacating Default Judgment.**

> *Held*, the trial court did not abuse its discretion in vacating a judgment taken by default and in permitting a defense to be made.

Appeal by plaintiffs from an order of the district court for Red Lake county, Watts, J., vacating a judgment entered by default, and permitting defendant to answer. Affirmed.

*William A. McIntyre*, for appellants.

*Chas. E. Boughton*, for respondent.

LEWIS, J.

On May 10, 1901, plaintiffs obtained judgment by default against the defendant for the sum of $236, alleged due them as commission for the sale of land. The summons and complaint were left with defendant's daughter at his usual place of abode. On May 16 execution was issued, and a levy made on defendant's property, and on May 25 application to the trial court was made to vacate the judgment and permit defendant to answer. From an order of the court setting aside the judgment and allowing defendant to answer, plaintiffs appeal.

Defendant's affidavit of merits states that he first learned judgment had been entered against him on May 16, 1901, prior to which time he had no knowledge of any action pending against him; that he was not personally served with any summons or complaint; that, being unable to read or well understand the English language, and ignorant of the ways of court, he knew not the purport of the papers left with his daughter, or that it was possible to obtain a judgment in that manner, but that, as soon as he learned the state of affairs, he consulted a justice of the peace, and was advised to pay no attention to the papers, and that he would be brought into court where he could defeat the plaintiffs; that, relying upon such advice, he did nothing further until he learned of

[1] Reported in 88 N. W. 411.

the judgment and levy, when he presented the matter to an attorney residing at Red Lake Falls, who advised him that he had a good defense upon the merits. The defense set forth in the affidavit of merits is that the contract between appellants and respondent with reference to the commission for the sale of lands was entered into under false representations as to its contents, and that he was taken undue advantage of when in a condition mentally unfit for comprehending the nature of the contract; that plaintiffs induced him to partake of liquor to such an extent as to render him incapable of knowing what he was about, and while in that state procured the execution of the contract; that he had no desire to sell his land under such contract, and, nine days thereafter, when he discovered his signature to the instrument, he notified plaintiffs that he refused to abide by its terms.

At the hearing of the motion respondent presented an answer practically setting forth the same defense, and appellants presented counter affidavits denying respondent's state of intoxication, or that he had been taken advantage of. It was of no importance that the answer was not served with the motion papers, inasmuch as its contents were practically set forth in the affidavits, and appellants were not taken by surprise. The answer contained a good defense in its allegation that respondent was in an intoxicated condition, produced through the design of appellants, and that while in that condition he had been taken unfair advantage of, and induced to execute a contract which he would not otherwise have done. The affidavits stated that respondent was unable to read English, that he had no knowledge of court methods, and that he acted upon the advice given him by the justice of the peace, and, as soon as he discovered that a judgment had been entered, he consulted with an attorney, immediately taking steps to open the judgment.

We do not think the trial court abused its discretion in setting aside the judgment and permitting respondent to answer. McMurran v. Bourne, 81 Minn. 515, 84 N. W. 338; Baxter v. Chute, 50 Minn. 164, 52 N. W. 379; Milwaukee Harvester Co. v. Schroeder, 72 Minn. 393, 75 N. W. 606; Hull v. Chapel, 77 Minn. 159, 79 N. W. 669.

Order affirmed.