PERU PLOW & IMPLEMENT COMPANY v. C. A. KING and Another.[1]

November 20, 1903.

Nos. 13,637—(80).

**Opening Judgment by Default.**

In "claim and delivery," a default judgment was entered for plaintiff. The trustee in bankruptcy of the defendant who had been possessed of the property, moved to have the judgment vacated, to allow him to answer and defend in behalf of the bankrupt's estate, which was denied. *Held*, upon the showing made, the court did not exceed the bounds of judicial discretion in refusing to grant the motion.

Plaintiff recovered judgment by default in the district court for Faribault county against defendants, C. A. King and E. F. Smith, in an action to recover possession of certain wagons. Thereafter A. E. Clark, as trustee in bankruptcy for defendant King, made a motion to vacate the judgment and for leave to defend. From an order, Quinn, J., denying the motion, the trustee appealed. Affirmed.

*A. E. Clark* and *E. Babcock,* for appellant.

*Jay Henry Long* and *Geo. E. Dyer,* for respondent.

LOVELY, J.[2]

This appeal is from an order denying a motion to vacate a default judgment in claim and delivery. The applicant is the trustee in bankruptcy of defendant King, and asks to have the judgment set aside in order that he may answer and defend upon the merits.

The replevin action was brought to recover a number of farm wagons sold and delivered to defendant King August 5, 1902. King was financially involved, and made a trust deed for the benefit of his cred-

---

[1] Reported in 97 N. W. 373.

[2] START, C. J., absent, sick, took no part.

itors to defendant Smith. On November 15, thereafter, the plaintiff commenced the action to recover possession of the property, upon the claim, as indicated from the papers returned, that the sale of the wagons was conditional, and that plaintiff had never parted with title thereto. King had actual possession of the property at the time the suit was commenced. Smith was made a party to cut off any interest he might have through the trust deed. Neither defendant answered, and on January 13, 1903, the court heard proofs to support the complaint, and ordered judgment for plaintiff according to the claim of the complaint. On December 2, 1902, creditors of King filed a petition to have the debtor adjudged a bankrupt. On January 6 of the next year, King was adjudged a bankrupt by the Federal District Court for Minnesota, and on January 31, the appellant Clark was appointed and qualified as trustee. On February 5 following, judgment for plaintiff was entered in the replevin suit. On April 2 following, the trustee moved in the state court, upon affidavits and a proposed answer, to vacate the order for judgment, and for leave to answer and defend on the merits in the original action.

It appears from the affidavit of the trustee that he had made an investigation of plaintiff's claim, and that, so far as he could ascertain, the wagons were purchased in the usual course of business, and not upon a conditional sale contract; that there were twenty of them on hand when the deed of trust to Smith was executed; that, so far as affiant could determine, the property was owned by defendant King; that whether the acquiescence in default of defendant in the replevin suit was due to an understanding, agreement, or collusion with the plaintiff is not within the affiant's knowledge. There is an attempt by affiant (an attorney at law) to show a meritorious defense to the action, but it goes no further than to allege, in substance, that all the facts regarding the purchase of the property from plaintiff had been stated to him as the basis of his information upon which his opinion as to the ownership of the property by King when the action was brought is predicated. In addition to the affidavit of the trustee, one by King was also filed, from which the facts stated in the trustee's affidavit as to his insolvency and the trust deed are stated; also that the wagons were purchased by him of the plaintiff in the usual course of business, without conditions, and intermingled with his general

stock of implements and machinery, and were a part of his assets in business; that, after the execution of the trust deed to Smith, he paid no attention to his business, for the reason that he expected to be proceeded against in bankruptcy. There is nothing in King's affidavit to show that there was any agreement, acquiescence, or collusion with the plaintiff in permitting the judgment to be obtained against him. A proposed answer was tendered, which we shall treat as sufficient to put in issue plaintiff's title to the property.

Whatever rights the trustee is able to assert to secure an opening of the judgment against defendants rest upon his position as trustee in bankruptcy. Hence the application to vacate must be determined upon the question whether the action of the trial court exceeded the bounds of fair judicial discretion, which is the only limitation upon the rule authorizing such relief in this court. Reagan v. Madden, 17 Minn. 378 (402); Milwaukee Harvester Co. v. Schroeder, 72 Minn. 393, 75 N. W. 606; Hull v. Chapel, 77 Minn. 159, 79 N. W. 669; McMurran v. Bourne, 81 Minn. 515, 84 N. W. 338.

In view of the fact that the court heard proofs to support the complaint when the order for judgment was made, we cannot say that it was a breach of discretion to refuse to vacate it, either upon the statement by the trustee that he had made investigation, and was of the opinion that the property was purchased in the usual course of business, or that King was the owner thereof. Neither does the additional affidavit of King, who allowed judgment to go against him by default, add sufficient weight to the statements of the trustee successfully to challenge the exercise of the court's discretion. Although the defendant King may have supposed that it was useless to contest his right to the property, in view of expected bankruptcy, and thereby neglected to do so, his neglect to claim his rights in that respect, with full knowledge that a judgment might be entered, does not give him, nor the trustee, a right to demand that the judgment be opened to defend in the original action. No sufficient showing was made that a fraudulent preference was intended or secured by the judgment. The affidavit of the trustee states that he had no knowledge of any collusion between King and the plaintiff, and he does not know whether the allowance of the judgment to go by default was to give a preference to one creditor to the disadvantage of others. If there was such

an agreement, it would be in violation of section 67 of the national bankruptcy act of 1898, and the judgment could be attacked affirmatively for that reason, and, if fraudulent, might be set aside in a direct action. We cannot say, in view of this fact, that the trial court abused its discretion in declining to give any force and effect to the meager showing upon the suggested claim of fraud, and require it to set aside its findings and judgment, if of the opinion, as it may have been, that it would be best to leave the question of fraudulent preference to be determined in an action by the trustee, which was presumably the ground of its denial of the application.

Order affirmed.

[1] Reported in 97 N. W. 433.
[2] START, C. J., absent, sick, took no part.