## T. B. FLANERY v. ROSA KUSHA, ALSO KNOWN AS MRS. JOHN KUSHA.

## THERESA SCHINDERLING AND LILLIBELLE DIGEN, APPELLANTS.[1]

November 12, 1920.

No. 21,815.

**Relief from default judgment.**

1. An application to be relieved from a default judgment must be made within one year after notice thereof. Section 7786, G. S. 1913. Upon the conflicting affidavits referred to in the opinion, the court was justified in finding that defendant did not have notice of the judgment more than one year prior to the making of her application to vacate it.

**Same — when hearing of application is after expiration of the year.**

2. If the application was made and notice of its hearing given within one year after notice of the judgment, the court has jurisdiction to give relief, even though the hearing is noticed for a date subsequent to the expiration of the year.

**Discretion of court not abused.**

3. Such an application is addressed to the discretion of the court, which should incline towards giving a defendant an opportunity to establish his defense upon a trial on the merits, and the action of the lower court will not be reversed except for a clear abuse of discretion. There was no such abuse in the present case.

**Facts of case sustained the decision.**

4. Defendant was foreign born; neither read nor understood English; was inexperienced in business, and was advised by a friend that she need not answer a summons and complaint which were served on her; the property sold under execution on the default judgment entered against her was worth many times the amount of the judgment. These facts justified the court in excusing defendant from the consequences of her default.

[1]Reported in 179 N. W. 902.

**Relief for mistake of law.**

5. A mistake of law as well as a mistake of fact may afford ground for relief from a judgment.

**Purchaser from judgment creditor gets no better title than the latter has.**

6. One who purchases from a judgment creditor takes his title subject to defeat by the subsequent vacation of the judgment. He does not stand in the position of a purchaser at a judicial sale, but gets only the title the judgment creditor had.

After the former appeal reported in 143 Minn. 308, 173 N. W. 652, Jelley, J., granted defendant's motion to vacate the default judgment entered against her. From the order granting the motion Theresa Schinderling and Lillibelle Digen appealed. Affirmed.

*J. A. Larimore,* for appellants.

*C. C. Joslyn,* for respondent.

LEES, C.

This is an appeal from an order granting the defendant's motion to vacate the default judgment entered against her which was before this court in a former appeal, Flanery v. Kusha, 143 Minn. 308, 173 N. W. 652. After the appeal was disposed of, defendant made a second application for the vacation of the judgment. The motion papers were dated July 26, 1919, were served on one of the appellants on July 29, 1919, and on the other on July 30, 1919, and the motion was noticed for hearing on August 23, 1919. The statute under which defendant proceeded reads:

"The court * * * at any time within one year after notice thereof, in its discretion, may relieve a party from any judgment * * * taken against him through his mistake, inadvertence, surprise, or excusable neglect." G. S. 1913, § 7786.

1. The appellants' principal contention is that it conclusively appears that defendant had notice of the judgment more than a year before she served notice of the motion to vacate it. Her first application for the vacation of the judgment was made on the ground that the court acquired no jurisdiction because of the defect in the summons referred to in the opinion on the former appeal, and on the further ground that the judg-

ment had been taken through her mistake and excusable neglect, but the second ground was abandoned and the application submitted and decided solely on the first ground. In her affidavit in support of her first application, she stated that she knew nothing about a judgment having been entered against her until some time during the latter part of the month of July, 1918. In another affidavit made in the same connection she stated that she knew nothing whatever concerning the judgment until a few days prior to July 30, 1918. In her affidavit in support of her second application, she stated that she had no knowledge of the judgment until she saw a letter addressed to her husband, dated and mailed at Minneapolis July 30, 1918, and written and signed by the husband of the appellant, Theresa Schinderling, and that such letter was shown to her about the thirty-first day of July, 1918, or the first day of August, 1918. Schinderling made an affidavit stating that on July 24, 1918, he and one Gibson went to defendant's house in Chicago, and through the medium of an interpreter discussed the judgment with defendant and her husband, and that both were then aware of the entry of the judgment. Gibson made an affidavit corroborating Schinderling. In a reply affidavit, defendant admitted the interview with Schinderling, but denied that either he or any one else informed her that a judgment had been taken against her, and alleged that Schinderling gave her to understand that he desired to purchase the land she owned in Hennepin county. Defendant's husband and one Ganser and his wife, who were present at the interview, made affidavits corroborating defendant.

Schinderling's letter states that the writer wishes to get "this land matter straightened out and the best and easiest way is for you to come up here and we will then go out to the land—make a deal to sell it," and adds that "if you do not come up in a few days we will ask the court to divide the land so that we can sell our share."

Whether the defendant had notice of the judgment prior to July 31, 1918, in view of the conflicting statements contained in the affidavits, was a question of fact for the determination of the district court. In granting the application, the court necessarily must have found as a fact that she did not have such notice prior to the receipt of Schinderling's letter. It cannot be said that such a finding is palpably contrary to the evidence presented by the affidavits, and hence the order cannot be re-

versed on this particular ground. 1 Dunnell, Minn. Dig. § 410; Minneapolis Gaslight Co. v. City of Minneapolis, 123 Minn. 231, 143 N. W. 728.

2. Appellants contend that an application to open a default judgment must be heard as well as made within one year after notice of the judgment, otherwise the court is powerless to proceed under section 7786, G. S. 1913. This contention cannot be sustained. In Gerish v. Johnson, 5 Minn. 10 (23), in referring to this statute, the court said:

"The statute limits the time within which such application can be made to one year after notice of the judgment. * * * All the effect of the statute is to prevent him (the defendant) from making the motion after the expiration of the year."

And in Jorgensen v. Boehmer, 9 Minn. 166 (181):

"The motion appears to have been made within one year after notice of the judgment; the court below, therefore, had jurisdiction."

In Washburn v. Sharpe, 15 Minn. 43 (63), in construing the statute providing that a defendant in an action where the summons had been served by publication might be allowed to defend the action within one year of the rendition of the judgment, the court said:

"It appears from the order to show cause that the application was made by July 24, 1869, and therefore within the year. The limitation refers to the application, not to the action of the court. It is not material, therefore, whether the hearing or the decision were within the year."

And in Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108, it was said:

"In order to make a case calling for the exercise of the court's discretion, appellant should have shown that the motion was made promptly and within one year from actual notice of the entry of the judgment."

We are of the opinion that, if the application is made and notice of its hearing is given within one year after notice of the judgment, the court has jurisdiction to give relief.

3. It is familiar law that an application to relieve a party from a default judgment is addressed to the discretion of the court; that in exercising discretion the court should incline towards giving a defendant an opportunity to establish his defense upon a trial on the merits; and that the action of the district court will not be reversed on appeal except for a clear abuse of discretion. Dunnell, Minn. Dig. §§ 5012, 5013, 399.

Appellants contend, however, that defendant has been guilty of inexcusable delay. If the present application had not been preceded by the one made in November, 1918, there would be much force in this contention. The first application was made within four months after notice of the judgment, and it could hardly be contended that it was not made in time. The reason for not pressing it to a conclusion was that defendant wished to avail herself of the alleged want of jurisdiction arising from the defect in the summons. That matter was not finally disposed of until this court filed its decision on July 18, 1919, and the present application followed immediately thereafter. Under these circumstances the district court might well hold that defendant's failure to make her application sooner was excused.

4. The contention that defendant was inexcusably negligent in failing to answer before judgment, cannot be sustained. The constable who served the summons made affidavit that he explained to her and her husband that she would have to answer the complaint or judgment would be taken against her, but he also stated that she talked in the Polish language and that he does not understand it. In her own affidavit defendant states that she was born in Poland, came to the United States when she was 17 years old, has never learned to read English, and does not understand the English language, and that her husband cannot read English. She was a farmer's wife, apparently ignorant and inexperienced in business matters. These are circumstances to be considered. Milwaukee Harvester Co. v. Schroeder, 72 Minn. 393, 75 N. W. 606; Wood v. Schoenauer, 85 Minn. 138, 88 N. W. 411. She further states that soon after the summons was served she showed it to a friend, who informed her that no time was fixed for answering the complaint and that she would not need to answer, and that she believed and relied upon this statement. This was a mistake of law, but such a mistake may afford ground for relief as well as a mistake of fact. Baxter v. Chute, 50 Minn. 164, 52 N. W. 379, 36 Am. St. 633.

5. Appellants contend that the court should not have exercised its discretion in defendant's favor because they purchased in good faith and for a valuable consideration, and that their interests will suffer if defendant's negligence is excused. In her affidavit plaintiff states that her interest in the land is worth $2,000. The judgment was for $147.40. Appel-

lants paid $100 for an assignment of the sheriff's certificate of sale. The assignment was dated September 22, 1917, and acknowledged November 14, 1917. If the purchase was made on the day when the assignment was acknowledged, the year of redemption from the execution sale had already expired, and appellants were buying land worth a great deal more than they paid for it and were getting an absolute title to the land. Moreover, appellants did not purchase at the execution sale, but from Flanery, who was the purchaser at such sale. The title acquired by a stranger to the action, who purchases in good faith at an execution sale, cannot be divested by the subsequent vacation of the judgment on grounds not affecting its original validity. Gowen v. Conlow, 51 Minn. 213, 53 N. W. 365; Branley v. Dambly, 69 Minn. 282, 71 N. W. 1026. Not so where the purchase is made from the judgment creditor. One thus purchasing takes the chances of his title being affected by the subsequent setting aside of the judgment under G. S. 1913, § 7886. Aldrich v. Chase, 70 Minn. 243, 73 N. W. 161; Lord v. Hawkins, 39 Minn. 73, 38 N. W. 689; White v. Gurney, 92 Minn. 271, 99 N. W. 889. Appellants' rights are not so superior to defendant's that the court should not have exercised its discretion in her favor.

The order appealed from is affirmed.