## FRANK J. HACKETT v. H. C. PALON.[1]

November 26, 1926.

No. 25,469.

**Verdict sustained.**

1. Evidence *held* sufficient to sustain verdict.

**Improper conduct of counsel not shown by record.**

2. Record *held* insufficient to support the claim that plaintiff's counsel had improperly disclosed to the jury the existence of liability insurance being carried by defendant.

**Verdict not excessive.**

3. Damages *held* not excessive.

**Foundation for expert testimony shown by record.**

4. The record sufficiently discloses the facts upon which a physician based his expert opinion.

Appeal and Error, 4 C. J. p. 854 n. 64; p. 872 n. 19.
Evidence, 22 C. J. p. 664 n. 45.
Liability Insurance, 36 C. J. p. 1129 n. 77.
Motor Vehicles, 28 Cyc. p. 47 n. 20.

---

See note in L. R. A. 1915F, 30; 8 R. C. L. 674; 2 R. C. L. Supp. 638; 4 R. C. L. Supp. 567; 5 R. C. L. Supp. 480; 6 R. C. L. Supp. 521.

Defendant appealed from an order of the district court for Ramsey county, Boerner, J., denying his motion for a new trial. Affirmed.

*Kelly & Mangan*, for appellant.

*Douglas, Kennedy & Kennedy*, for respondent.

WILSON, C. J.

Defendant appealed from an order denying his motion for a new trial.

Plaintiff drove his car easterly on Sixth street in St. Paul. Defendant's driver drove his taxi in the opposite direction. A collision occurred to the damage of plaintiff who was awarded a verdict for $1,000.

[1]Reported in 210 N. W. 996.

1. The sufficiency of the evidence is attacked. Plaintiff says he drove about 30 feet behind a truck, obstructive to view, but was slightly to the left of the center line of the truck watching along the side of the truck for signals from the driver. He saw the taxi, some distance ahead, which passed from his view by turning to its left apparently going southerly on an intersecting street. Plaintiff says the truck suddenly checked its speed; that he put on his brakes; that the truck suddenly speeded up and turned to the right bringing in view the taxi which struck plaintiff's car. Its right wheel struck the right wheel of plaintiff's car and its left wheel struck plaintiff's car at about the door. Plaintiff was thrown out of his car and it went to the left. The version of the taxi driver was in sharp conflict with that of plaintiff. He claimed he was always to the right of the center of the street and that plaintiff suddenly turned out from behind the truck to pass it on the left and there collided with the taxi in spite of a fairly successful effort to stop the taxi. Why counsel, not especially in this case, will continue to ask this court to spend time on questions of this character we cannot understand. Their zeal must not overrule their judgment. This court cannot help an appellant on a question of fact where the evidence permits a finding either way.

2. Plaintiff on examination by his counsel said that the taxi driver referred him to an insurance company. The question did not demand this information which may have been innocently given. It was on motion promptly stricken. But immediately followed this question and answer: "Q. Did he take you any place after he took you over to the owner of the car?" "A. Took me to the insurance company's office." This also was on motion promptly stricken. Why this question was asked we do not know. Some reference is made to the effect that the witness had mentioned sick benefits. We do not find any such reference. Possibly counsel thought the transaction related to the plaintiff's personal insurance, producing sick benefits. The witness explained that he was entitled to two weeks' sick leave without loss of wages. Counsel's theory was evidently erroneous. We cannot conclude from the

record that counsel's purpose was to advise the jury of defendant's liability insurance, nor that such insurance in fact existed. The conclusion of the trial court on questions of this character is entitled to great weight. Dun. Dig. § 7102.

3. The taxi was traveling about 25 miles per hour. Plaintiff was thrown onto the pavement. He was dazed. He was bruised on his head, shoulders, hip and legs. A lump appeared on the back of his head. He suffered pain in his back, neck, back part of his head and over his heart. He was unable to work for $4\frac{1}{2}$ days. After he returned to his work the pains in his back, neck and head continued for three weeks during which time and since he has been very nervous and unable to sleep. The nervousness interfered with digestion causing constipation which required close attention to avoid the return of pains in his head. He used hot applications, took some medicine, suffered low blood pressure and exaggerated reflexes. Ailment continued to the time of trial which was about six months after the collision. The doctor bill was $25. The testimony shows that the car may have been damaged in the sum of $300. There is nothing to indicate or suggest that this verdict was rendered under the influence of passion or prejudice and we find no reason to justify our saying that it is excessive.

4. It is claimed that the trial court erred in permitting plaintiff's physician to testify to the cause of plaintiff's nervousness without stating the facts upon which he based his opinion. The record shows that the witness was a physician, and he treated plaintiff and found among other things that he was nervous. By answering the inquiry under the restrictions of the court that he could answer "if he knows" he implied that he knew the cause of the nervousness. This was sufficient and his answer was properly received. On cross-examination the doctor testified that he had treated plaintiff for nervousness before the injury. This did not go to the admissibility of the doctor's testimony but to its credibility since he said that the nervousness was caused or aggravated by the injury. This deserved the consideration of the jury which it doubtless received.

Affirmed.