## WALTER G. SAHR v. JENS JUUL.[1]

October 24, 1930.

No. 28,117.

Sam G. Anderson, for appellant.
Wright, Lyons & Wright, for respondent.

LORING, C.

This is a suit to recover for medical services the value of which was in dispute. The plaintiff had a verdict. The trial court denied a new trial, and the case comes here on an appeal from the judgment in favor of plaintiff.

The sufficiency of the evidence to sustain the verdict is challenged. We have carefully read the entire record, and in our

[1]Reported in 232 N. W. 717.

opinion the evidence made out a case for the jury on the value of plaintiff's services. The treatment received by defendant was fully described to the jury, and the plaintiff and another physician went into the matter of value.

█ The defendant had been hurt in an automobile accident and had settled with an insurance company for his injuries. Error was assigned on the rulings in regard to certain questions which brought out this fact, and it is also claimed that plaintiff's counsel was guilty of misconduct in injecting the insurance settlement into the case. It appeared that the settlement covered the defendant's whole claim, including liability for medical services incurred on account of such accident. Part of the services involved in this suit were rendered in connection with a broken leg received in the accident; part were for treatment for pneumonia.

At least twice in the record prior to the first question covered by the assignments under consideration it was stated that the plaintiff's bill "had been taken care of" by someone. It appeared later that defendant had settled with the insurance company "the best he could" without going to law. That being the case, the jury knew that whatever verdict they might find would come out of defendant's pocket and not out of the coffers of the insurance company. The ruling challenged by the appellant's third assignment was improper, but in the light of all the circumstances of the case we do not think it prejudiced the defendant.

The conduct of counsel is largely a matter for the trial court to control, and in this case it admonished the jury that they were to disregard the excessive zeal of plaintiff's counsel in referring to the insurance settlement. It finally told them to forget it altogether. The trial court has had this matter of misconduct before it and has come to the conclusion that it did not prejudice the defendant. In such matters its views are entitled to great weight. Hackett v. Palon, 169 Minn. 218, 210 N. W. 996.

For cases where this court has refused to grant a new trial where alleged misconduct of this character was before it, see Viita v. Fleming, 132 Minn. 128-137, 155 N. W. 1077, L. R. A. 1916D, 644,

Ann. Cas. 1917E, 678; Hackett v. Palon, 169 Minn. 218, 210 N. W. 996; Anderson v. Duban, 170 Minn. 155, 212 N. W. 180. Under the circumstances of this case we do not think the defendant was prejudiced, and the judgment is affirmed.