## M. TIDEN v. ERICK SHURSTEAD.[1]

May 4, 1934.

No. 29,985.

*E. Luther Melin,* for appellant.
*Arctander & Jacobson,* for respondent.

*PER CURIAM.*

A judgment by default was entered against defendant for $647.55. Within two weeks defendant moved to vacate the judgment and for leave to answer. The motion was granted, and plaintiff appeals.

The verified answer admits in part some of the causes of action set forth in the complaint and tenders judgment therefor in the sum of $182. Except as admitted, the answer puts in issue all the allegations of the complaint. Defendant's showing of an excuse for his failure to answer in time was that he was ignorant of legal procedure, having lived in this country only since 1928; that he began to negotiate with plaintiff for a settlement two or three days after the summons was served; that she agreed to settle for $250, set the day when it was to take place, but when the appointed day arrived she informed defendant that judgment had been entered and refused to make the settlement. Defendant at once obtained an attorney and moved the court for relief.

The practice pursued is not to be commended. The motion stated no grounds upon which it was based, but left these to be

[1]Reported in 254 N. W. 617.

ascertained from the supporting affidavit. There was no affidavit of merits. The verified answer is relied on to supply the deficiency. This answer states a legal defense, if proved, except as to the amount for which judgment is tendered. The court below was not required to try the issues raised by the proposed answer upon affidavits. It was for that court to determine whether the excuse defendant offered for not answering within time was true and was a reasonable excuse. Finding it so, there was no abuse of judicial discretion in permitting the answer to be interposed and the issues raised thereby to be tried. This statement in Rodgers v. United States & Dominion L. Ins. Co. 127 Minn. 435, 438, 149 N. W. 671, is here applicable:

"Where there has never been a trial on the merits and the defendant shows that he has a good defense, and no substantial prejudice appears to the plaintiff from the delay, it is the duty of the trial court to relieve the defendant of his default if he furnishes any reasonable excuse therefor, and the action of the court in so doing will not be disturbed."

The lack of an affidavit of merits was not necessarily fatal to the application for relief. Grady v. Maurice L. Rothschild & Co. 145 Minn. 74, 176 N. W. 153. The court endeavored to preserve any lien that plaintiff had acquired.

The order is affirmed.

*DEVANEY, Chief Justice,* absent in attendance upon pardon board, took no part.