RUTH GARDNER FLEISCHMANN v. NORTHWESTERN NATIONAL BANK AND TRUST COMPANY.[1]

April 5, 1935.

No. 30,205.

[1]Reported in 260 N. W. 310.

*Richardson D. Barrett,* for appellant.
*Cobb, Hoke, Benson, Krause & Faegre,* for respondent.
*Best, Flanagan & Rogers,* filed a brief *amici curiae.*

JULIUS J. OLSON, JUSTICE.

This is an appeal from an order refusing "to reopen, vacate and set aside" two certain orders, previously made, "allowing and confirming" certain annual accounts rendered by respondent as trustee, "so that the beneficiary [appellant] might make such objection to said accounts as to the court may seem just and proper."

The facts are that one Gardner, a resident of Illinois, in 1918, entered into a trust agreement with respondent's predecessors (the Minnesota Loan and Trust Company, later consolidated with and taken over by respondent) whereby certain securities, transferred by Gardner to the trust company, should be held as a trust fund for a period of ten years, the income from the fund to accumulate and to be added to the principal. At the end of the accumulation period the principal sum with accumulations was to be kept by the trust company and invested, the income to be paid to Mr. Gardner's daughter, the present appellant, for life, and upon her death to be paid to her lineal descendants; also providing that when these children arrived at a stated age there should be distribution of the principal to them. There is a provision in the trust agreement that:

"In the investment and reinvestment of said fund, said Trustee may, in its discretion, purchase securities through its own Bond or Mortgage Department at prices at which like securities are then being offered and sold to the public."

In paragraph 12 of the trust agreement it is provided:

"Said Trustee shall have the right, as it deems it to the best interests of the trust hereby created, to invest the funds of said trust in farm loans or other investments made by said party of the second part, on a basis that will give to said party of the

second part a reasonable compensation for the making of such farm loans or investments.".

And paragraph 14 provides:

"Said Trustee, or its successor or successors in trust, shall render to all beneficiaries then interested in the income or body of the trust hereby created, in the month of August of each year, an itemized report of all transactions in this trust, including inventory and description of all securities and property belonging to the estate or that part thereof in which such beneficiaries may be interested."

After the trust agreement was executed Mr. Gardner informed the trustee that he preferred that the annual reports to be submitted during the ten-year period should come only to him but that thereafter such reports should go to the beneficiaries. In conformity therewith, the trustee during the entire ten-year period submitted to Mr. Gardner the annual accounts, but no accounting was made to the appellant because Mr. Gardner desired that the arrangement be kept secret. He construed the provision relating to furnishing of annual accounts to "all beneficiaries then interested" as meaning only those persons actually entitled to receive income or principal as and when the accounts were rendered. In this construction he acquiesced during the entire ten-year accumulation period. In August, 1928, the trustee sent to appellant, she having become entitled to the net income from the trust after that time, the annual account. This account showed that the principal sum then amounted to $118,576.51, having increased to that sum from the original investment of $70,000. A complete inventory showing just what the investments consisted of was furnished. A similar account with inventory was again furnished her in August, 1929. The trustee's letter sent with each account informed her that the account would be filed with the court, and she was requested, if she approved of the account, to consent to its allowance and to the purchase and continued holding of the securities then in the trust. A form of consent was inclosed. This she signed and returned. The instrument reads:

230

"State of Minnesota   ss        District Court
"County of Hennepin            Fourth Judicial District

"In the Matter of the Trusteeship under written Agreement with J. Willis Gardner for the benefit of Ruth Gardner Fleischmann.

"CONSENT TO ALLOWANCE OF TRUSTEE'S ACCOUNT.

"I, the undersigned, sole present beneficiary of the above trust, certify that I have examined the account of The Minnesota Loan and Trust Company, as Trustee in said matter, dated August 1, 1929, and hereby consent to the allowance of said account, waive notice of hearing thereon, and approve, ratify and confirm all acts of said Trustee in the management of said trust and in the purchase of, holding and further holding of the securities and properties held in said trust, as shown by said account."

The same procedure was followed in 1930, and the same form of consent and approval was signed and returned by her. Upon these consents and waivers being filed with the court, including the original account and inventory, in each instance the court entered an order allowing and confirming "in all respects" the reports, accounts of receipts and disbursements, and the fees of the trustee. These are the orders appellant sought to "reopen, vacate and set aside."

On January 8, 1923, pursuant to a written agreement entered into between Mr. Gardner and the trustee, Judge Molyneaux of the district court of Hennepin county signed an order reading as follows:

"IT IS ORDERED, That said trustee, its successor or successors in trust shall have and it is hereby granted full power and authority in its discretion to sell, transfer, convey, assign and set-over, any of the stocks belonging to said trust fund described in said Trust Agreement, at such prices and upon such terms as may seem to said trustee, to be for the best interest of said trust fund."

On November 14, 1927, appellant petitioned the court for an order "construing the aforesaid Trust Agreement as authorizing the Minnesota Loan and Trust Company, the Trustee therein named,

to invest the funds belonging to said Trust Estate in any securities which it deems to be for the best interests of the Trust Estate, whether such securities be stocks, bonds, debentures, notes and/or other income-producing or interest-earning securities and whether or not such securities are authorized by the laws of the State of Minnesota for the investment of trust funds."

In conformity therewith, Judge Nordbye "Ordered, Adjudged and Decreed that the Trustee thereunder is empowered to and does have full power and authority to invest any trust funds, at any time belonging to said Trust Estate, in any bonds, debentures, notes and/or any other interest-bearing securities which it, in its sole discretion, deems to be good investments, but that the trustee is not authorized to invest said trust funds in the capital stocks of any corporation."

In the present proceedings, begun in November, 1933, appellant claims as the reasons for seeking to set aside the orders allowing the accounts that she believed when she signed the consents it was a duty on her part so to do; that she did not examine the accounts and did not comprehend that her rights against the trustee were in any way involved; that she did not know or realize that she was waiving any of her rights by signing the same; that she did not know she had any right to object to the accounts or to anything pertaining thereto or that the accounts would be submitted to the court for approval. She charges the trustee with having been negligent, careless, and improvident in the management of the trust; that the trustee had invested trust funds in securities issued by companies whose officers and directors had among their number officers and directors of the trustee; that the trustee had realized profits and commissions by the purchase of securities from itself; and there are other charges of misconduct. In support of her motion she submitted affidavits and asked the court below to issue an order to show cause. Such order was duly issued and served upon the trustee. The trustee met the charges with counteraffidavits. The whole matter was submitted to the court upon affidavits and exhibits attached to and forming part of the same. No oral testimony was taken.

Appellant's basis for relief is founded upon 2 Mason Minn. St. 1927, § 9283, which provides that "the court, * * * at any time within one year after notice thereof, in its discretion, may relieve a party from any judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." As a general rule relief under this section is granted liberally. Martin v. Curley, 70 Minn. 489, 73 N. W. 405; Milwaukee Harv. Co. v. Schroeder, 72 Minn. 393, 75 N. W. 606; Hull v. Chapel, 77 Minn. 159, 79 N. W. 669, 77 A. S. R. 666; Walsh v. Boyle, 94 Minn. 437, 103 N. W. 506; Barrie v. Northern Assur. Co. 99 Minn. 272, 109 N. W. 248; Rodgers v. U. S. & D. L. Ins. Co. 127 Minn. 435, 149 N. W. 671; Tiden v. Shurstead, 191 Minn. 518, 254 N. W. 617. But this does not mean that the court in the exercise of its discretion may consider the matter lightly or act capriciously. To set aside any final order or judgment is not justifiable unless fraud is established by strong, clear, and satisfactory evidence. Wann v. Northwestern Trust Co. 120 Minn. 493, 139 N. W. 1061; 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 5124, and cases cited. "A determination of the trial court based on conflicting affidavits will rarely be disturbed on appeal." Id. § 5124, and cases under note 38.

It is also contended in appellant's behalf that 2 Mason Minn. St. 1927, § 9405, is applicable. That section provides:

"Any judgment obtained in a court of record by means of perjury, subornation of perjury, or any fraudulent act, practice, or representation of the prevailing party, may be set aside in an action brought for that purpose by the aggrieved party in the same judicial district within three years after the discovery by him of such perjury or fraud."

That section has been before this court in numerous cases. In Clark v. Marvin, 140 Minn. 285, 167 N. W. 1029, it was held that remedies by motion or by action are under the statute concurrent, and either may be resorted to by the defrauded party. Here too appellant is faced with the same difficulty, namely, that the burden is upon her to show that the judgment or order was procured in

violation of that statute. If appellant's application were not met by proof to the contrary, it may be assumed that her showing was sufficient to warrant the granting of the relief sought by her. The trouble is that there is ample evidence in the case not only to justify the result reached by the trial court but virtually compelling such. Appellant's own showing is decidedly weak and unsatisfactory. She appears to be a woman of intelligence and capacity. Her father, the settlor, is a man of keen business judgment and thoroughly experienced in matters of this nature. He created several trusts at or prior to the time the instant trust was created. He dealt with respondent throughout the entire period of ten years and well knew what was going on and approved of the various investments made by the trustee. In the letters written by the trustee to appellant it was stated by the trustee that "if you approve of said account" and "if you find the account satisfactory," then she was requested to sign and return the consent. In the consent itself appellant certified that she had "examined the account," consented to its allowance, waived notice of hearing thereon, and approved, ratified, and confirmed all acts of the trustee in the management of the trust and in the purchase and further holding of the securities held by it "as shown by said account." Appellant now asserts that she did not know that these accounts would be submitted to the court for approval. In the trustee's letter sent with the 1929 account she was advised that the account would be filed in court. The letter inclosing the consent contained the request that she sign and return the same for the express purpose of securing "its allowance in district court." Every claim, assertion, and accusation, whether directly charged or to be inferred by innuendo, was fully met by denial or adequate explanation by the trustee.

The only issue upon appeal is whether the court below abused its discretion in refusing to grant appellant's motion to vacate its former orders allowing the annual accounts therein referred to. We do not suppose, much less assume, that appellant wishes, even if permissible, to litigate the merits of her many charges of wrong-doing by means of affidavits only and without regard to issues to be framed and presented in the usual manner where issues of law

or fact, or both, are involved. Her motion can in no event be considered an action at law or a bill in equity. It is only, as appellant herself has labeled it, a motion for leave to get the offending orders vacated for the purposes stated by her. The jurisdiction of the court was not invoked for any other purpose. The many allegations of wrongdoing with which she charges the trustee cannot be permitted to be tried out and determined by means of affidavits alone. The charges made by her in her affidavits can be treated only as bases or grounds for the relief sought in her motion. If there is to be litigation, let such be commenced and tried in the usual way. The charges made and met by affidavits are too serious to be submitted and determined in that fashion. The entire issue submitted to the trial court upon appellant's motion resolved itself into one of fact exclusively. Upon adequate proof the court below found against her. As was said by this court in Hackett v. Palon, 169 Minn. 218, 219, 210 N. W. 996, 997:

"This court cannot help an appellant on a question of fact where the evidence permits a finding either way."

Affirmed.

STONE, JUSTICE, took no part.

[1] Reported in 260 N. W. 313.