**WGSH, INC., Respondent,**

v.

**Richard A. BOLLINGER, personally and doing business as Superior Companies, Appellant.**

**No. C6–85–1902.**

Court of Appeals of Minnesota.

April 8, 1986.

Alan T. Tschida, St. Paul, for respondent.

James Fink, St. Paul, for appellant.

Heard, considered and decided by FORS-BERG, P.J., and LANSING and RAN-DALL, JJ.

## OPINION

RANDALL, Judge.

Richard Bollinger (doing business as Superior Companies) appeals the trial court's denial of his motion to vacate a default judgment against him.

## FACTS

Appellant and Respondent, WGSH, Inc., entered into a contract for respondent to install certain brick work for appellant. Respondent claims that he has not been paid the full contract price, plus the price of certain "extras" which appellant asked for and allegedly were not included in the contract. Appellant claims that he does not owe the full amount claimed by respondent. Respondent served the summons and complaint on July 22, 1985. Appellant claims that he attempted to make timely service of a hand-written, *pro se* answer on August 9 by depositing the answer in the mailbox of respondent's attorney located in his apartment building residence. Respondent's attorney claims that he never received the answer. On August 14 appellant wrote to respondent offering to pay $1,487, the amount of the claim, which it did not dispute. Default judgment for the entire disputed amount of $4,055 was entered August 16. Appellant received notice of that judgment August 28. On August 30 appellant's counsel moved for vacation of the default judgment and for a new trial. The trial court denied appellant's motion and dismissed it with prejudice.

## ISSUE

Did the trial court err in denying the motion to vacate the default judgment?

## ANALYSIS

Minn.R.Civ.P. 60.02 governs vacation of judgments:

> On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment * * * and may order a new trial or may grant such other relief as may be just for the following reasons: (1) Mistake, inadvertence, surprise or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment.

The supreme court has outlined the four requirements which must be met before a default judgment may be vacated:

> [T]he party in default [must show] that he (a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) that no substantial prejudice will result to the other party.

*Hinz v. Northland Milk & Ice Cream Co.,* 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952); *see also Grunke v. Kloskin,* 355 N.W.2d 207 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Jan. 2, 1985).

The trial court's decision on such a motion will not be reversed absent an abuse of discretion. *Coller v. Guardian Angels Roman Catholic Church,* 294 N.W.2d 712, 715 (Minn.1980).

At issue is appellant's claim that he has reasonable excuses for his failure to answer properly. First, he claims that he believed that service of the answer could be made by leaving the answer at the address of the attorney. Appellant also claims ignorance of the requirement that he file his answer. Appellant claims that this misunderstanding of the technical requirements of the Minnesota Rules of Civil

Procedure constitutes a reasonable excuse. Under some circumstances, ignorance of the law can be a reasonable excuse. *Tiden v. Shurstead,* 191 Minn. 518, 254 N.W. 617 (1934) (ignorance due to short residence in this country and settlement agreement reached after service of complaint constituted reasonable excuse); *Flannery v. Kusha,* 147 Minn. 156, 158, 179 N.W. 902, 903–904 (1920) (defendant did not know English; friend advised her that she need not answer the complaint); *Martin v. Curley,* 70 Minn. 489, 73 N.W. 405 (1897). Nevertheless, we affirm the trial court because of the discretion accorded it.

Although the trial court made no findings, the record indicates that it chose between conflicting evidence, and we will not disturb its discretion. *See e.g., Flannery* 147 Minn. at 158, 179 N.W. at 903. Appellant's story about the attempted service changed several times and was inconsistent. In an affidavit dated August 28, 1985, appellant stated that he "served on August 9, 1985, an Answer upon the plaintiff's attorney, Alan T. Tschida, at 811 Como Avenue, St. Paul," and claimed that he himself went to the address. Respondent's attorney filed an affidavit stating that he received no such answer, by personal service or otherwise. The affidavit set out that his apartment is located in a security building with locked doors, and his mailbox there is locked.

The trial court, in its discretion, accepted the evidence most favorable to respondent. The trial court, also in its discretion, could reject appellant's theories explaining the inconsistency, e.g., the paper fell out of the mailbox, was stolen from it, or the attorney overlooked the paper. We note that appellant has changed his story on appeal, stating that his son, not appellant himself, actually delivered the paper, and that the son waited outside the apartment building until someone let him in.[1]

---

1. These facts were not in the record. We note them only in support of the trial court's resolution of fact issues in favor of respondent.

Viewing the record as a whole, we do not find that the trial court erred in denying the motion to vacate the default judgment.

## DECISION

The trial court did not abuse its discretion in refusing to vacate the default judgment.

Affirmed.